## TAYLOR, KNAPP & CO. *v.* D. W. FORE.

1. INJUNCTION, WHEN ISSUED TO STAY PROCEEDINGS UNDER JUDGMENT. When a defendant, through accident or mistake, and without default in the proper degree of watchfulness and care required of careful men in their own cases of equal importance, fails to present his defense fully, the court will, in its discretion, grant relief by injunction to stay proceedings under the judgment, and re-examine the case.

2. JUDGMENT, WHEN INTERLOCUTORY. When, after the expiration of the term, an injunction is issued to stay proceedings under a judgment, and, upon a trial, a general verdict is rendered for the plaintiff, a judgment should be rendered disposing finally of the case ; a judgment upon such verdict permitting the plaintiff to plead defenses which he had neglected in the former suit and continuing the cause, is interlocutory, from which no appeal lies.

ERROR from De Witt.    Tried below before the Hon. Henry Maney.

*Philips, Lackey & Stayton,* for plaintiff in error.

*W. R. Friend,* for defendant in error.

ROBERTS, C. J.    This is a suit by Fore to set aside a judgment by default rendered against Fore & Shelton, partners, on a note executed by them.

After the suit on the note was brought by Taylor, Knapp & Co., Fore made his application to become a bankrupt, and Taylor, Knapp & Co. proved up their claim, to wit, this note, then in suit, in the Bankrupt Court. Fore obtained his discharge in bankruptcy; shortly after which, Taylor, Knapp & Co. took a judgment by default, no answer having been filed by the defendants therein, Fore & Shelton, and Fore not having pleaded his discharge.

Upon these facts Fore obtained an injunction to stay the execution issued upon the judgment, and sought to have the judgment as to him set aside and annulled, and Taylor, Knapp & Co. enjoined from enforcing the same. Taylor, Knapp & Co. filed exceptions and answer, and the exceptions not being

sustained, a trial was had upon the merits of the petition for injunction, which resulted in a verdict as follows, to wit:

"We, the jury, find a verdict in favor of the plaintiff."

Upon this verdict there was a judgment in regular form, concluding as follows: "that the judgment rendered in the "County Court of De Witt county, on the 13th day of April, "1869, in Cause No. 39, styled Knapp & Co. v. Fore & Shel-"ton, be set aside, and the same is hereby declared null and "void as to the defendant Daniel W. Fore. And it appearing "to the court that the said Daniel W. Fore having now paid "into court all costs adjudged in said Cause No. 39, in the "County Court, as well as the costs herein incurred, it is or-"dered by the court that the said Daniel W. Fore be now "permitted to plead his discharge in bankruptcy, obtained by "him in the United States District Court for the Eastern Dis-"trict of Texas, at Galveston, 4th day of January, 1869, in "said Cause No. 39, above styled."

Taylor, Knapp & Co. sued out a writ of error to have this judgment revised, and defendant in error now moves to dismiss the writ of error because the judgment is an interlocutory and not a final judgment.

Such a judgment was regarded as interlocutory, and the appeal on that account dismissed in the case of Goss v. McClaren, 8 Texas R., 342, the opinion being delivered by Justice Lipscomb. The same decision was made in Stewart v. Jones, 9 Texas R., 69. These decisions did not call in question the right to grant a new trial, but decided that such new trial must be had before the judgment could be considered final.

When the case of Goss v. McClaren came up again, an opinion delivered by Justice Wheeler suggests a doubt as to its being an interlocutory judgment, without undertaking to change the rule by any positive decision, it being unnecessary.. (17 Texas R., 114.) Other decisions since that have doubted likewise.

Chancellor Kent said that "anciently courts of equity exer-

" cised a familiar jurisdiction over trials at law, and compelled
" the successful party to submit to a new trial, or to be perpet-
" ually enjoined from proceeding on his verdict.  But the
" practice has long since gone out of use, and such a jurisdic-
" tion is rarely exercised in modern times, because courts of
" law are now in the liberal exercise of the power of granting
" new trials."  (Floyd v. Jane, 6 Johns. Ch. R., 479–481, and
17 Texas R., 118.)  One reason of this jurisdiction going out
of use, particularly in the American courts, was, as it may be
reasonably supposed, that the verdict and judgment were ren-
dered in the same court, and a very short time usually inter-
vened between the verdict and the judgment, whereas in the
English courts it was different.

Justice Story presents the view which, it is believed, is more
in harmony with the jurisdiction of courts of equity, in regard
to judgments at law in this country.  He says: " And although
" some of the earlier decisions look almost like granting new
" trials in equity in regard to all matters adjudicated at law,
" where there has been surprise at the trial, or newly discovered
" evidence, since, the more recent and better decisions will jus-
" tify no such proposition.  The new trial is never granted in
" terms.   There can be, in no such case, anything like another
" trial at law.   The case is effectually ended there.   But where
" there was a distinct and decided fraud in the proceedings by
" which the judgment was obtained, as by putting in testimony
" which the party believed to be false; by giving no notice of
" the suit, or one calculated to mislead the defendant, and thus
" deprive him of an opportunity to be heard in the trial at law;
" or in any similar mode, making the trial at law fictitious or
" fallacious; and also where the defendant at law, through ac-
" cident or mistake, and without default in the proper degree
" of watchfulness and care required of careful men in their own
" cases of equal importance, fails to present his defense fully;
" courts of equity will in their discretion grant relief by re-
" examining the case upon its merits, and either enjoining the
" party from pursuing the judgment at law; or, where some

" portion of the claim is due, granting such an injunction as to
" a portion of it; or upon condition that the plaintiff shall pay
" into court whatever sum is due upon the judgment, with
" reasonable costs."

This is the very remedy which Fore sought, as indicated by
the allegations and prayer of his petition.     There was a full
trial of the matters alleged, including his discharge, which
was set out in his pleading, and given in evidence before the
jury.    The verdict was general in favor of the plaintiff, and if
judgment should have been rendered at all for Fore in the case,
as to which it is not now necessary to express any opinion, it
should have been rendered in accordance with the finding of
the jury, and a perpetual injunction should have been decreed
restraining Taylor, Knapp & Co. from executing the judg-
ment at law.

The whole matter had been fully investigated in the trial, and
there could be no practical object in having the same matters
litigated in another trial, nor does anything appear in the case
to show that any such thing was contemplated by either of
the parties, the jury, or the court, until the judgment was ren-
dered, awarding a new trial of the case, No. 39, of Taylor
Knapp & Co. v. Fore & Shelton, which leaves the case incom-
plete, and without a final judgment in this suit for injunction
instituted by Fore.

The writ of error must therefore be dismissed, that the court
below may render a final judgment upon the case, as made by
the pleadings and verdict thereon, in accordance with this opin-
ion ; when the parties interested may adopt such appellate rem-
edy as they may be entitled to in the premises.

                                                        Dismissed.