50  417
74  280

## JOHN T. OVERTON v. LEON & H. BLUM.

1. PRACTICE—NEW TRIAL.—A new trial is never in fact granted after the adjournment of the term of the court at which the judgment was rendered.

2. SAME—REHEARING.—When a judgment has been obtained by fraud, accident, or mistake, and without any want of diligence on the part of the party against whom it was rendered, the District Court, in the exercise of its equity powers, may grant relief by reëxamining the case on its merits, and granting such relief as equity and justice may demand.

3. INJUNCTION—REHEARING.—To warrant an injunction, pending a petition for rehearing of a judgment of a court having jurisdiction of the parties and of the subject-matter, in addition to fraud, accident, or mistake, the applicant must show merits in his case.

4. APPLICATION FOR REHEARING MUST SHOW INJURY BY THE JUDGMENT.—Judgment was rendered for plaintiff. Motion for new trial was overruled July 28. On August 10 following the defendant presented a statement of facts to counsel of plaintiffs. The District Court adjourned August 11. The judge presiding had not sufficient time to prepare a statement of facts, and it was agreed by the counsel of the parties, with concurrence of the judge, that the statement of facts should be prepared during vacation. Defendant gave notice of appeal, and perfected it by filing bond. The case was affirmed on certificate. Petition being made for rehearing, setting out these facts, and it not appearing that the plaintiff in the bill had merits in the original case : *Held*—

    1. That the failure of the judge to prepare and file a statement of facts was not ground for the relief sought.

    2. Where such showing for rehearing failed to show that the appeal of which plaintiff in the bill was deprived would have been with effect, the loss of the right to appeal was not an injury.

5. PRACTICE.—Counsel urged to diligence in preparation of cases for appeal, upon the closing of the trial from which it is proposed to appeal.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

Prior to May 18, 1874, the appellant and W. B. Henderson, partners in merchandise, were indebted to several merchants at Galveston. On that day these merchants made

and signed between themselves and Overton & Henderson the following agreement:

"We, the undersigned, creditors of Overton & Henderson, Overton, Texas, do hereby agree, each and all of us, to relinquish all claims against said firm, upon payment to us, within fifteen days from this date, of fifty per centum of the amount set opposite to our names. This agreement is not binding without the signature of all the creditors, set opposite their respective names. Galveston, May 18, 1876."

Then follow the names of the creditors, with the amount due to each set opposite to each creditor's name. One of these creditors is the firm of Leon & H. Blum.

Within the fifteen days mentioned in that agreement Overton paid Leon & H. Blum fifty per cent. on their claim, and they executed their receipt for that amount, in full satisfaction of their claim.

Afterwards, Blum & Blum sued Overton & Henderson for the other half of the debt which had been compromised, charging that Overton had obtained the compromise from them by false representations that he could not pay more than fifty per cent. of the debts of Overton & Henderson, (which Overton denied,) and recovered judgment on the 18th of July, 1877.

Appellant filed his motion for a new trial, which was overruled July 28, and gave notice of appeal to the Supreme Court. Appellant made out a statement of the facts in evidence, and submitted that statement to the counsel of Leon & H. Blum on August 10. The term, by operation of law, ended August 11. The attorneys for Blum & Blum did not concur in the statement of facts, and that statement was handed to the presiding judge, who failed to act on it. On the next day, about twelve o'clock, when the court was about to adjourn, it was agreed by counsel on both sides that during vacation the counsel for defendants would submit their statement of facts to the judge, and from both statements he would make one, and return it in time for the transcript to be

filed in the Supreme Court before the assignment for said District Court. The judge approved of that agreement, which was in writing and signed by both parties. In the transcript appears the statement of facts so prepared by Overton, and it shows a conflict of testimony on the issues joined.

The appellant filed his appeal bond, which was approved in time. No transcript of that suit was filed in this court, as there was no statement of facts for the court to act upon. At instance of appellees the case was, however, affirmed on certificate December 21, 1877. (48 Tex., 370.) December 5, and while the motion to affirm on certificate was pending, appellees sued out an execution on the judgment, under which a levy was made.

The appellant filed his bill of injunction to restrain the appellees from proceeding to collect the judgment above mentioned. A temporary injunction was granted December 15, 1877.

On motion of appellees the bill was sustained as to the levy made under the execution, and dismissed as to all other matters.

All the facts stated were contained in the injunction bill and supported by several affidavits. From the decree dismissing his bill Overton appealed, and assigns the following errors :

1. Dismissing plaintiff's bill on defendants' motion, because there is no sufficient cause, either legal or equitable, set out in said motion, or in the answers of said defendants, to have said bill dismissed.

2. Because the answers of defendants do not set out any particular fact in the statement of facts made out by the plaintiff, in the suit of Blum & Blum *v.* Overton & Henderson, but a general allegation that said statement of facts is incorrect.

3. The court erred in dismissing the plaintiff's bill, because the defendants do not deny, under oath, the material facts alleged in said bill as to the plaintiff having fully, without

fraud or misrepresentation, complied with the agreement or compromise between plaintiff and his creditors, which agreement is set out in said bill. Neither do said defendants deny all the other equities in said bill.

*James H. Jones* and *Martin Casey*, for appellant.—The District Court has power to grant a new trial after the term of the court when the judgment was rendered, and to grant relief upon an original bill for fraud, accident, or mistake, or when it would be inequitable to permit the plaintiff, in the judgment sought to be set aside, to enforce that judgment. (Gross *v.* McClaran, 8 Tex., 344; 17 Tex., 107; Spencer *v.* Kinnard, 12 Tex., 187; Vardeman *v.* Edwards, 21 Tex., 740; Pratt *v.* Keils, 28 Ala., 390; Saunders *v.* Jennings, 2 J. J. Marsh., 513; High on Inj., sec. 116.)

I. The causes assigned in the motion to dissolve the injunction and dismiss the bill are, because of want of equity in the bill; because the agreement of counsel, that the presiding judge should make out a statement of facts in vacation, is not warranted by law; because of insufficiency of the affidavit to the petition; because plaintiff does not state that he presented his statement of facts to the judge before the adjournment of the court; because the plaintiff did not file a transcript and a copy of the evidence in the Supreme Court. The answer (not sworn to) asserts that all matters in plaintiff's bill are *res judicata*, the judgment being affirmed on certificate by the Supreme Court; (sworn to) that plaintiff's motion for a new trial was overruled July 28, 1877; that said term did not close until August 11, 1877; that plaintiff had ample time to prepare and present to defendants' counsel a statement of facts, which he did not until the evening of August 10, 1877; that plaintiff did not make out a full and fair statement of all the facts; that the facts were too numerous for defendants' counsel to be made out by them during the remaining time of the court.

II. As to dismissing the bill on the answer of defendants,

plaintiff assumes that the answer must deny all the equities in the bill. (Burnley *v.* Cook, 13 Tex., 586 ; York *v.* Gregg, 9 Tex., 93 ; Smith *v.* Power, 2 Tex., 57 ; 3 Danl. Ch. Pr., p. 1831, note 1, and authorities there cited; Beall *v.* Blake, 10 Ga., 459.)

III. When a compromise is made with a knowledge of all the facts, payment made by the debtor and a receipt given, the debtor is not further liable. (2 Pars. on Cont., 618, note *x*, and authority cited in that note.)

IV. The answer must deny all the material allegations in the bill, under oath, or the injunction will not be dissolved.

The agreement to compromise between the appellant and his creditors was copied into the bill. Plaintiff says he paid defendants, as provided in that agreement, within the time specified, and obtained the following discharge :

"No. 1075.                    GALVESTON, *May* 28, 1874.

Received from Messrs. Moody & Jamison fourteen hundred and twenty $\frac{6}{100}$ dollars, in full payment of our claim against Messrs. Overton & Henderson, amounting to $2,840.13, as per compromise agreed upon by creditors.

$1,420.06 cy.                    LEON & H. BLUM."

Plaintiff says that with said compromise he complied faithfully and without fraud or deceit. None of these allegations are denied by the answer, except the general denial, not sworn to. (Burnley *v.* Cook, 13 Tex., 586 ; Dearborn *v.* Phillips, 21 Tex., 451.)

V. To enforce the judgment of affirmance on certificate by the defendants would be a fraud upon the plaintiff, under the facts and circumstances in this case; and every judgment obtained by fraud should be set aside, though rendered by the highest court of judicature in the State. (Kellum *v.* Smith, 18 Tex., 849; Kerr on Frauds, 294; Insurance Co. *v.* Hodgson, 7 Cranch, 332; High on Inj., sec. 116.)

*R. M. Wynne*, for appellees.

I. After the District Court has refused a new trial it has

no power, at a subsequent term and upon an original proceeding, to reconsider its judgment overruling the motion for a new trial, unless the judgment be impeached as a nullity. The party's remedy is by appeal or error. (Grah. & Wat. on New Trials, 1463; Metzger *v*. Wendler, 35 Tex., 385; Vardeman *v*. Edwards, 21 Tex., 740.)

II. In no case will the courts grant the relief sought by appellant in this extraordinary proceeding unless he shows clearly that he has been guilty of no negligence. (21 Tex., 653; Brown *v*. Jones, 1 J. J. Marsh., 470.) The whole matters set up by appellant's bill are *res judicata*. (Overton *v*. Blum, 48 Tex., 370; 9 Tex., 128; 20 Tex., 790; 4 Tex., 104; 22 Tex., 177; 1 Johns. Ch., 189.)

This case of Overton *v*. Blum had been affirmed by this court before appellant's application for a new trial herein was heard by the District Court.

III. It would be a most extraordinary interposition on the part of a court of equity to set aside a judgment obtained after a full and fair investigation upon the merits before a court of competent jurisdiction, and affirmed by the court of last resort, merely because appellant failed, by his own negligence, to get a statement of facts to have the judgment revised in the Supreme Court. (Freem. on Judg., sec. 508; 23 Wis., 249.)

IV. There are exceptions to the rule, as stated by appellant, that only where the answer denies the circumstances upon which the equity is founded will the injunction be dissolved. (Smith *v*. Power, 2 Tex., 57.)

Appellant's sworn answer denied the facts upon which appellant sought relief. Where an injunction is dissolved on motion for insufficiency, it would be immaterial that the answer was not sworn to at all. (Carter *v*. Griffin, 32 Tex., 214.)

V. It is not error to dismiss the bill on dissolution of injunction, unless the records show that the appellant asked that his bill be held over for trial. (12 Tex., 60.)

The records do not show that appellant asked that his bill be retained.

When creditors enter into a written agreement of composition, the same is not binding upon any one unless it be signed by all the creditors, and a payment thereon will only discharge the debt *pro tanto,* and a creditor can sue and recover the balance due. (14 N. Y., (4 Kern.,) 322; Green *v.* Shriver, 53 Penn., (3 Smith,) 259.) There is no pretense that all the creditors signed the composition articles.

VI. If a receipt for a demand be obtained by fraud, and a compromise agreement be also obtained by fraud, neither would be binding. This proposition is too well settled to require recital of authorities.

The question of fraud and misrepresentation of appellant in obtaining the receipt and their signature to composition agreement, was a material issue in the case of Blum *v.* Overton, which issue was found against appellant by the jury, by which the question of fraud is concluded. (2 Tex., 396; 1 Tex., 326; 26 Tex., 333.)

MOORE, CHIEF JUSTICE.—Although the contrary might be inferred from some of the earlier decisions, (8 Tex., 342; 9 Tex., 69; 17 Tex., 114,) it must now be regarded as settled that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application. (Taylor, Knapp & Co. *v.* Fore, 42 Tex., 256; Roller *v.* Woolridge, 46 Tex., 485.) But though a new trial is never granted in terms after the adjournment of the court rendering the judgment, and there can be no such thing as another trial of the case at law after it is once finally decided, it is not to be questioned that when a judgment has been obtained by fraud, mistake, or accident, and without any want of proper diligence on the part of the party against whom it is rendered, the District Court, in the exercise of its equitable powers, may grant relief by reëxamining the case

on its merits, and granting such relief as equity and justice
may demand and require. To call, however, for the inter-
position of a court of equity, and to warrant the staying of
the enforcement of a judgment rendered by a court having
jurisdiction of the parties and subject-matter of the suit, it is
not sufficient that a mistake or accident may have occurred
in the course of the proceeding, but it must also be shown
that there is merit in the applicant's case, and but for the
interposition of the court he must sustain irreparable injury,
to which he has in no material manner contributed. "If
Adams, in his petition," said this court, in the case of Roller
v. Woolridge, "had stated good, equitable grounds for setting
aside the judgment, which was a judgment in an ordinary
action at law, the exceptions to it for want of equity should
have been overruled, not for the purpose of granting a new
trial, but that this suit in equity, as an original proceeding
for relief against a judgment at law, might be tried as any
other suit seeking equitable relief. The rule here announced
was definitely settled by this court in the case of Taylor,
Knapp & Co. v. Fore, 42 Tex., 256. If, on the other hand,
the equitable grounds set forth in the petition were not suffi-
cient to set aside the judgment, upon its being excepted to
and dismissed for want of equity, the judgment would be
left standing, to be executed as a valid judgment." And
says the Supreme Court of Georgia, in the case of Kohn v.
Lovett, 34 Ga., 180: "It was not beyond the reach of a court
of equity to interpose and take jurisdiction of the parties and
subject-matter; and if it appeared there was merit in the
case, and injustice would result from the act or mistake of
the judge in the premises, it was the duty of a court of equity
to enjoin the collection of the judgment and stay proceed-
ings until a fair and full hearing upon the merits had been
had."

Admitting that the delay of appellant in presenting to ap-
pellees' counsel his statement of facts from the 28th of July
to the 10th of August, (the day before the time fixed by law

for the adjournment of court,) is not such negligence as precluded him from complaining of the failure of the presiding judge to prepare a statement of facts before the adjournment of court, or to file such statement, as agreed by the parties, with the papers of the case in time for appellant to prosecute his appeal, does the mere failure of the judge to make out and file such statement, and the subsequent affirmance of the judgment on certificate without reference to the merits, authorize the District Court to grant a new trial or to enjoin the collection of the judgment? Surely it cannot be insisted that a judgment of the District Court and its affirmance by this court can be set aside or enjoined, on application to the District Court, without its being made to appear, *prima facie* at least, by the applicant, that he had a meritorious defense to the action, and but for the failure of the judge to make out the statement of facts this court might, and probably would, have reversed the judgment and granted him a new trial. It is a universal rule that the aid of a court of equity can never be invoked by a party who does not show merit. Certainly the overruling and setting aside a judgment of a court having jurisdiction of the parties and subject-matter of the suit cannot be thought to be an exception to this general rule. Appellant, however, made no attempt to show merits. His petition seems to have been framed upon the theory that the District Court, by reason of the fact of the failure of the judge to file the statement of facts as agreed, and his being thereby deprived of a full review of the judgment by this court, could set aside its former judgment and order a new trial of the original suit in that court, just as if a new trial had been granted on an application during the term at which the judgment was rendered.

It is not pretended that appellant was in any way hindered or obstructed in making his defense to the original action in the District Court. It is insisted merely that he did not get the benefit of his appeal to this court, and could not have done so with any hope of success without a statement of facts, ap-

proved by the judge. But, we ask, why should a court of equity interfere and grant relief unless there was merit in his appeal? Surely no one would claim relief because by accident or mistake he has lost the opportunity of appealing from the judgment of the District Court, if it appeared that his appeal was taken merely for delay; and if not, as it must be conceded, it is incumbent upon the party applying to a court of equity for relief to show equity. Appellant, when he appealed to equity for relief, because, as he says, he has lost the benefit of his appeal for want of a statement of facts, should show, *prima facie* at least, a meritorious ground of appeal; and that had the statement of facts been filed, so that he could have presented his appeal to this court as he designed, the judgment might, and probably would, have been reversed. But an examination of the record before us shows no reasonable ground to believe such would have been the result if the statement of facts had been filed. Admitting the statement of facts prepared by appellant to be strictly correct, (though it plainly appears upon its face that it is glaringly defective,) and looking at the case in the most favorable light which can be taken of it for appellant, it can merely be said that he claims that he has lost by the failure of the judge to make out and file a statement of facts the privilege of asking this court to review a verdict of the jury in a case in which the testimony was conflicting, and on this account the court would unquestionably have been forced to affirm the judgment.

It is, therefore, impossible for us to say, on the case as made by appellant, that he has suffered any such injury by the failure of the court in the matter complained of, as would warrant a court of equity to enjoin or set aside the previous judgment. The result may have worked a hardship upon appellant; but if so it is not made apparent to us by this record. The most we can say of it is, that it exemplifies the impropriety of parties postponing, as is too often the case, until the adjournment of the court, the preparation of their cases for appeal; and

instead of having the statement of facts approved and filed during the term, as the statute evidently contemplates, agreeing that this may be done after adjournment. Admitting that such agreements are legal and binding,—as to which, however, I at present express no opinion,—if there is a failure to complete the statement of facts before the adjournment of the court, through the delay of the party desiring to bring the case to this court, he has no cause to complain of the loss of the benefit of such statement on the hearing of the case here. But if the parties cannot agree, and the party who recovers the judgment neglects or refuses to present his counter-statement in time to enable the judge to make the statement in due time, and he is not willing to accept and certify the statement furnished him by the other party, he may, in his discretion, hold counsel as in contempt and punish them therefor, or set aside the judgment and grant a new trial. The right of appeal is guaranteed to every litigant in the District Court, and the court should see that it is not lost to or taken from him, when he is in no default, by the fraud or negligence of his adversary.

There is no error in the judgment of which appellant can justly complain, and it is affirmed.

AFFIRMED.