## J. H. RAYMOND v. N. H. CONGER.

1. FINAL JUDGMENT—APPEAL.—A judgment perpetuating an injunction without a hearing on the facts alleged in the petition on which the injunction issued, is interlocutory, and not a final judgment which can be appealed from.
2. INJUNCTION—PRACTICE.—When an injunction issues to enjoin proceedings under a judgment, the proper practice on final hearing, under our blended system of law and equity, is to dispose of the whole case, both upon the injunction and the merits, in the same proceeding, and not perpetuate the injunction and reinstate the original case (proceedings under which were enjoined) for subsequent final trial on the merits.

APPEAL from McLennan. Tried below before the Hon. D. H. Prendergast.

The opinion states the case.

*Walton, Green & Hill* and *Sleeper, Jones & Kendall,* for appellant.

I. The petition for an injunction to stay execution on a

judgment, to set aside the judgment, and to grant a new trial, is a suit requiring the defendant to answer; and when the defendant answers, denying the allegations in the petition, it is error in the court to enter a final decree upon the hearing of the motion to dissolve for want of equity, without a hearing upon the merits. (Butt *v.* Colbert, 24 Tex., 356; Green *v.* Banks, 24 Tex., 522.)

The record shows—and plaintiff admits in his petition that the record shows—a service of process on him, and if the court could perpetuate the injunction without a hearing, it was error in the court to perpetuate it when the petition alleged no fraud or collusion between the defendant and the officer making the return on the citation.

II. A judgment cannot be set aside or enjoined, at a subsequent term of the court, on the ground that the defendant was not actually served with process, when the return of the officer on the citation shows due service, and there is no allegation in the petition of fraud or collusion between the plaintiff and the officer. (Lawler *v.* White, 27 Tex., 253; Walker *v.* Robins, 14 How., 584.)

*E. H. Graham,* for appellee.

I. The court can properly perpetuate an injunction, set aside a judgment rendered at a former term, and grant a new trial upon the hearing of a motion to dissolve for the want of equity, when the answer of the defendant is not sworn to and amounts to no more than a general denial.

The petition alleges that the petitioner was never served with process in the case; that he had no notice of the suit until after the adjournment of the term at which the judgment was rendered; that the return on the citation, including the signature, is in the handwriting of one deputy, while it purports to be made by another; that he has a good defense to the action, as shown by the exhibit to his petition.

The answer of appellant consisted simply of a general denial and a brief allegation, on information, that there was

service. This answer is not sworn to. (Paschal's Dig., art. 3929; Gross *v.* McClaran, 8 Tex., 341; High on Injunction, 904; Caperton *v.* Wanslow, 18 Tex., 125.)

II. A judgment can be enjoined and set aside and a new trial granted, at a subsequent term of court, on the ground that the defendant was not actually served with process, though through accident or mistake, and not fraud, the return shows due service, if the suit seeking the relief is not a collateral attack, but is a direct proceeding for that purpose, brought in the court in which the original judgment was rendered.

The petition admits that the return on the citation is apparently regular and shows due service, but alleges that there was not in fact service; that the return was made through some accident or mistake of the officers; that the return and signature to it are in the handwriting of one deputy, while it purports to be the act of another, &c.

The suit was brought in the court in which the original judgment was rendered for the purpose of getting a new trial, and is a direct and not a collateral attack upon the judgment. (Bridgeport Savings Bank *v.* Eldredge, 28 Conn., 556; Newcomb *v.* Dewey, 27 Iowa, 381; Bell *v.* Williams, 1 Head, 229; Ridgeway *v.* Bank of Tennessee, 11 Humph., 523; White & Tudor's Lead. Cases in Eq., 1377.)

III. The appeal should be dismissed on the motion of appellee filed in the case.

The judgment appealed from is a judgment perpetuating an injunction, setting aside a judgment, and granting a new trial on a bill filed after the term at which the judgment was rendered, and is interlocutory. (Gross *v.* McClaran, 8 Tex., 341; Paschal's Dig., art. 3929.)

BONNER, ASSOCIATE JUSTICE.—In August, 1875, appellee Conger filed his petition in the District Court to enjoin a judgment for the sum of $1,604, upon which execution had issued, which had been recovered against him, by default, by

appellant Raymond, as administrator of Steiner, in June, 1875.

The ground for the injunction and new trial is, substantially, that the defendant was never served with process, although it is admitted in the petition that the return made by the sheriff on the citation shows a due execution of the writ; that the return was made through some mistake of the officer; that defendant did not know of the judgment until after the court adjourned; that he did not know that a petition had been filed in the case, and that he did not owe the debt on which the judgment was rendered, which he could show if a new hearing were granted.

The defendant filed an answer, not verified by oath, denying the averment that plaintiff in injunction had not been served with notice; averring that he "is informed by the sheriff that the writ was served," and that he "is informed and believes that plaintiff did have notice of the pendency of the suit."

He also filed a motion to dissolve the injunction for want of equity in the petition.

In August, 1875, the motion to dissolve was submitted to the court. A decree was entered overruling the same, perpetuating the injunction, and reinstating the case on the docket for new trial, without a hearing on the issues presented by the answer.

From this judgment Raymond appealed, and assigns as error, that the court erred in perpetuating the injunction without a hearing of the facts alleged in plaintiff's petition.

Under the authority of the case of Taylor *v.* Fore, 42 Tex., 256, the judgment in this case is not such final judgment as can be appealed from, but is interlocutory only, and hence the appeal must be dismissed.

In thus dismissing the appeal, however, we deem it appropriate to say, that since, by authority of former decisions of this court, under our blended system, by which the District Court has not only the jurisdiction of a court of equity to

restrain by injunction a judgment improperly obtained until a new trial could be had, but also that of a court of common law to again hear and determine the merits of the original suit upon new trial, the proper practice, in a case like the one now before the court, is to dispose of the whole cause, both upon the injunction and the merits, in the same proceeding, and not to reinstate the original case for subsequent final trial upon the merits. (Taylor *v.* Fore, 42 Tex., 256; Roller *v.* Wooldridge, 46 Tex., 485; Overton *v.* Blum, 50 Tex., 417.)

DISMISSED.