### C. A. HARRIS v. HAVEMAN & CO.

(No. 1095, Op. Book No. 2, p. 478.)

ERROR from Waller County. Opinion by WHITE, P. J.

§ 802. *New trial; petition for, after expiration of term; requisites of.* The petition in this case is in the nature of a bill of review, and under our practice the action may be termed an original suit for a new trial. "An application for a new trial, whether made during the term or by petition after, is, under our practice, governed by the

same principles in the one case as in the other, only with this qualification: that as the rule of law requires that the application be made during the term at which the verdict is rendered, if this be not done, the party must show an equitable excuse to entitle him to a hearing of his application after the term. To entitle him to a hearing of such application, he must show that from circumstances not attributable to his own neglect or fault, nor within his control, he did not have it within his power to apply for a new trial, and to enforce his application before the court that tried the cause." [Vardeman v. Edwards, 21 Tex. 737.] In Burnley v. Rice, 21 Tex. 171, it was held that where a party goes into chancery after a trial at law he must be able to impeach the justice and equity of the verdict, and upon grounds which either could not be made available to him at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party, without negligence or other fault on his part. In Overton v. Blum, 50 Tex. 417, Moore, C. J., says: "But, though a new trial is never granted in terms after the adjournment of the court rendering the judgment, and there can be no such thing as another trial of the case at law after it is once finally decided, it is not to be questioned that when a judgment has been obtained by fraud, mistake or accident, and without any want of proper diligence on the part of the party against whom it is rendered, the court, in the exercise of its equitable powers, may grant relief by re-examining the case on its merits, and granting such relief as equity and justice may demand and require. To call, however, for the interposition of a court of equity, and to warrant the staying of the enforcement of a judgment rendered by a court having jurisdiction of the parties and subject matter of the suit, it is not sufficient that a mistake or accident may have occurred in the course of the proceeding, but it must also be shown that there is merit in applicant's case, and but for the interposition of the court, he must sustain irreparable injury, to which he

has in no material manner contributed." In this case the petition was held insufficient, upon the ground that it failed to show that plaintiff had used reasonable diligence to apply for a new trial in term time.

March 27, 1881.　　　　　　　　　　　　Affirmed.