T. RATTO & CO. v. LEVY BROS. & CO. ET AL.

(Case No. 2023.)

1. INJUNCTION AGAINST A JUDGMENT.— An application for injunction, made by the defeated party in a suit, and based on the fact that he was misled as to the time of the adjournment of the term at which the judgment was rendered, whereby he was prevented from obtaining an order giving time after adjournment to make up a statement of facts, should not be granted, even if due diligence in the former cause was shown, unless it is made to appear that the judgment would probably have been reversed on appeal.

2. SAME — PLEADING.— In such a proceeding the petition should set forth in substance the pleadings and facts proved in the former suit. Unless it appears from these that there is good reason to believe that a different result would be reached by a new trial, equity will not interpose to prevent the enforcement of the judgment.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

*James B. Stubbs*, for appellant, cited: Freeman v. Miller, 53 Tex., 377; Overton v. Blum, 50 Tex., 417, and cases there cited; Roller v. Wooldridge, 46 Tex., 485; Taylor v. Fore, 42 Tex., 256; Plummer v. Power, 29 Tex., 6; Burnley v. Rice, 21 Tex., 183; Goss v. Mc-

Claren, 17 Tex., 107; Trammell v. The State, 1 Tex. Ct. App., 121; Reed v. Lockett, Galveston Term, 1883; Ruston v. The State, Tex. Law Rev., January 29, 1884.

*Denson & Burnett*, for appellees, cited; Int. & G. N. R. R. Co. v. Scott, 58 Tex., 187; 1 High on Injunctions, sec. 167.

STAYTON, ASSOCIATE JUSTICE.— This action was brought to sustain the enforcement of a judgment rendered in a cause in which creditors of Reeder & Harrington were seeking to enforce an agreement claimed to have been made between that firm and their creditors, by which all creditors, except L. & H. Blum, were to participate in proportion to their several claims in certain funds transferred by the firm for their benefit.

L. & H. Blum were to receive a named sum in addition to their *pro rata* share.

The litigation, from the averments of the petition in this case, grew out of what was claimed to be a disregard of the agreement between Reeder & Harrington and their creditors, under which certain creditors, and among them the appellants, were asserted, through legal proceedings against the debtor firm, to have received a larger share of the fund claimed by all than they were entitled to.

All the creditors of Reeder & Harrington, as well as that firm, it seems were parties to that suit, and therein, on 29th January, 1884, a judgment was rendered against each one of the creditors who had received more than they were entitled to receive, for such sums as were in excess of the sums they were entitled to receive under the agreement for composition.

The judgment in that cause, which is the one now sought to have enjoined, declared the agreement before referred to valid and binding on all the creditors of Reeder & Harrington.

The judgment bears date January 29, but it is averred that the judgment was not really entered until the 31st, the judge of the court having had the matter under advisement from the 29th, which was the day of trial, until the 31st.

It is averred in the petition in this case, as a ground for the injunction sought, that on the day the judgment was entered a motion for a new trial was filed, based upon two grounds, one of which was that, under the evidence in the case, the judgment should have been in favor of the appellants, and the other was that the court had erred in overruling a motion for continuance.

That on the next day (February 1), counsel for appellants in-

quired of the clerk of the court when the court would adjourn
for the term, and was informed by him that the court would
adjourn on the following day (February 2), whereupon counsel in-
formed the clerk, as was counsel for appellees informed, that he de-
sired to present the motion for a new trial, and would be in court
the next morning for that purpose, of which he asked the clerk to
inform the judge.

An intention to give notice of appeal, and to procure an order
giving ten days after the adjournment of the court to make up a
statement of facts, in case the motion for a new trial was overruled,
is alleged, as is an intention to have appealed that case.

It appears that the clerk's opinion as to the time when the court
would adjourn for the term was based on the belief that he could
not get the minutes of the court ready for adjournment before
February 2; but he was able to do so on the evening of February
1, and the court not having adjourned for the day, the judge came
into court, and his attention in some way being called to the motion
for new trial, the same was overruled, and the court on that day was
adjourned for the term, of which counsel for appellant had no
knowledge until the next day.

It is not made to appear that the judge of the court had any
knowledge of the intention of appellants to give notice of appeal,
nor of their intention to procure an order giving time after the
adjournment of the term to make up a statement of facts, nor that
counsel for appellees, nor themselves, had any knowledge of such
intention.

The prayer of the petition is that the judgment before mentioned
be set aside and its enforcement perpetually enjoined.

A demurrer to this petition was sustained, and the cause was dis-
missed.

We are of the opinion that this ruling of the court was correct.   If
there was a sufficient showing of diligence on the part of the ap-
pellees in the prosecution of the case in which the judgment sought
to be enjoined was rendered, still the petition fails to show that the
result would probably in any manner have been changed, on appeal,
had everything been done before the final adjournment of the
term which the appellants desired to do, in order to have had the
case fully considered on appeal.

It is apparent from the petition that it was averred in the former
suit that the agreement between Reeder & Harrington and their
creditors was signed by the appellants; if so, proof that they did
not execute that instrument would not have been admissible with-

out a sworn plea denying its execution. It is not averred that any such plea was filed, and, in the absence of such a plea, the testimony of the witness for whose testimony the continuance was sought would not have been received.

It does not appear that any bill of exceptions was taken, or that there was an intention to take one, under which the ruling of the court below would have been revised by this court in reference to the overruling of the motion for a continuance.

There is, however, a more fatal objection to the petition, in this: it does not set out, in substance, either the pleadings for the respective parties, nor the facts which were proved, and in the absence of these it is impossible to know that the result would probably have been changed on appeal had everything been done which the appellants allege they desired to do.

It is well setttled that in this character of cases "relief will not be granted unless the party seeking it show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. He must be able to impeach the justice and equity of the verdict and judgment of which he complains, and to manifest clearly to the court that there is good ground to suppose that a different result will be attained by a new trial. Plummer v. Power, 29 Tex., 14, and cases there cited; Burnley v. Rice, 21 Tex., 183." Johnson v. Templeton, 60 Tex., 239; Nevins v. McKee, 61 Tex., 412; Freeman v. Miller, 53 Tex., 377; Overton v. Blum, 50 Tex., 417; Roller v. Wooldridge, 46 Tex., 485.

It is not pretended that the failure of the appellants to take such steps as they intended resulted from any wrongful act of the adverse parties or by the fraud of any other person; and we are of the opinion, when a party litigant does not take such steps, and seek such information as is within his reach, as to the time at which the final adjournment of a court will take place, that he cannot make his want of knowledge of such fact a ground for relief, unless some other element enters into his case, deemed in equity sufficient to entitle him to relief.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 10, 1885.]