## CLAY LUMBER CO. et al. v. PATTERSON.
### No. 700.

Court of Civil Appeals of Texas. Eastland.
May 30, 1930.

James G. Harrell, of Breckenridge, for appellant.

L. H. Welch and T. B. Ridgell, both of Breckenridge, for appellees.

LESLIE, J.

This suit, by W. M. Patterson, is in the nature of a bill of review, and its object was to set aside and obtain relief from a judgment rendered against him at a prior term of that court. He contends that, without fault on his part, and by reason of accident or mistake, the prior judgment was rendered against him, and that, but for the existence of such circumstances, he would have been present at the former trial and would have presented a meritorious defense. The disposition we shall make of this appeal renders it unnecessary, and perhaps improper, to comment upon the sufficiency of Patterson's pleadings to present a meritorious defense, or the sufficiency of the testimony to sustain it. It is enough to say that, upon the trial before the court, without a jury, and at the conclusion of the testimony, a judgment was rendered in favor of Patterson, and it was to the effect that the judgment in cause No. 2085 at the previous term "should be vacated, set aside, *and a new trial ordered and granted in the said cause*, for the reason that judgment by default in the absence of the defendant was rendered and given through accident and mistake." This is the judgment appealed from by the lumber company, and from the record before us it clearly appears that the court stopped short of rendering a final judgment from which an appeal could be prosecuted.

█ The court passed over the main issues in the case and did not attempt to render a judgment at all on the issues arising in the original cause No. 2085; and no decree whatever was made relative to the alleged meritorious defense, all of which must be determined in this hearing and incorporated in a final decree. Instead, the court entered merely an interlocutory judgment, from which this appeal is attempted to be prosecuted, and it must therefore be dismissed at appellants' cost. That such is the nature of the judgment, and such disposition required of us, is fully established by the following authorities: Raymond v. Conger, 51 Tex. 536; Roller v. Wooldridge, 46 Tex. 485; Taylor, Knapp & Co. v. Fore, 42 Tex. 256; Goss v. McClaren, 17 Tex. 107, 67 Am. Dec. 646; Stewart v. Jones, 9 Tex. 469; Gross v. McClaran, 8 Tex. 341.

█ As held in Roller v. Wooldridge, supra, the mode of proceeding in granting the new trial in cause No. 2085 was erroneous. If Patterson in his petition in the instant case stated, and his testimony established, equitable grounds for setting the previous judgment aside, or rather, avoiding the effects thereof, his contentions should have been sustained. "not for the purpose of granting a new trial, but that this suit in equity, as an original proceeding for relief against a judgment at law, might be tried as any other suit, seeking equitable relief." It was error for the court to order "a new trial" in the original cause, for it is unnecessary to have two trials, one to determine whether or not the judgment shall be set aside, and the other, to retry the original suit, after the judgment has been set aside. Such procedure granting independent trials is not supported by the authorities. As observed in Raymond v. Conger, supra, a case in point here, "the proper practice, in a case

like the one now before the court, is to dispose of the whole cause, both upon the injunction and the merits, in the same proceeding, and not to reinstate the original case for subsequent final trial upon the merits." In support of this holding, our Supreme Court cited the following leading cases: Taylor v. Fore, supra; Roller v. Wooldridge, supra; Overton v. Blum, 50 Tex. 417.

The decisions do not call in question the right of an injured party to seek a re-examination of the issues in a cause wherein, by reason of alleged fraud, accident, or mistake, he, without fault, and in the exercise of due diligence, has been cast in a judgment unauthorized in law under the true facts; and methods of procedure to obtain relief from such a situation, and the sufficiency of the showing to be made, have been stated in numerous decisions, some of which, in addition to those above, are: Johnson et al. v. Templeton, Adm'r, 60 Tex. 238; Nevins v. McKee et al., 61 Tex. 412; Ratto & Co. v. Levy Bros. & Co., 63 Tex. 278. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100.

From the foregoing authorities it will be observed that a re-examination of and a new adjudication of the merits of the original controversy, after the expiration of the term of court at which the judgment was rendered, may be had under certain definite rules; that is, in such cases, something more than that mere injustice has been done must be shown. It must appear (1) that the former judgment was not due to negligence of him seeking to set it aside, but that he exercised due diligence under the circumstances to prevent it; (2) that he had a good defense to the action which he was prevented from making by fraud, accident, mistake, or the acts of the opposing party; (3) that there is a good reason that a different result will be reached by a re-examination of the contentions theretofore relied on; and (4) the pleadings and issues of the former suit and its results must be set forth distinctly and clearly in the new suit seeking to enjoin the execution of the judgment in the prior one.

In addition to the prerequisites of a suit in the nature of a bill of review in this class of cases, our Supreme Court, in Johnson v. Templeton, supra, makes the additional pertinent observation: "Such bills seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are, confessedly, narrow and restricted." The above is suggested in view of another trial.

From the foregoing conclusions it follows that the appeal in this cause must be dismissed. It is so ordered.