**SHAW, Banking Com'r, v. CUNNINGHAM.**

**No. 881.**

Court of Civil Appeals of Texas. Eastland.

June 19, 1931.

Rehearing Denied Oct. 2, 1931.

James V. Allred and Everett L. Looney, both of Austin, for plaintiff in error.

M. E. Lawrence, of Eastland, for defendant in error.

HICKMAN, C. J.

This suit was instituted by defendant in error against plaintiff in error for the purpose of setting aside and annulling a judgment rendered in the court below on the 28th day of May, 1925. The original judgment sought to be set aside was one in favor of Chas. O. Austin, commissioner of banking, against Geo. W. Cunningham and Robert Cunningham, as executors of the estate of L. P. Cunningham, deceased. The defendant, Mary L. Cunningham, is the surviving widow of L. P. Cunningham, deceased, and was by the petition of Chas. O. Austin made a party to the original suit. It is unnecessary to set out here the grounds of attack upon the original judgment. This suit resulted in a judgment in favor of defendant in error against plaintiff in error, setting aside, vacating, and annulling the judgment in the original suit. The issues of liability involved in the original suit were not disposed of herein, but were left suspended without adjudication.

■ It is well settled that an appeal will not lie from a judgment merely vacating and setting aside an original judgment without disposing of the issues involved in the original suit. Such a judgment is interlocutory and therefore not appealable. We had occasion to consider this question and collate the authorities thereon in the case of Clay Lumber Co. v. Patterson (Tex. Civ. App.) 28 S.W. (2d) 825, and on the authority of that case and the cases there cited it is our conclusion that no final judgment was rendered in the court below and that this appeal should accordingly be dismissed.

We think it not improper to state that, according to the record before us, necessary parties to the relief sought and obtained were omitted. This suggestion is made in view of the possibility of further proceedings in the case.

Our order is that the appeal be dismissed.

On Rehearing.

■ Neither party seems to desire a judgment of dismissal for want of a final judgment below. Plaintiff in error complains of the order entered in his motion for rehearing. Defendant in error has filed no motion for rehearing, but has evidenced her view that the judgment was final by procuring and preparing same. The practical difference between an order of dismissal and one of reversal with a remand for further proceedings is negligible in this proceeding. It is obvious on the face of the record that necessary parties were omitted. Plaintiff in error was the only defendant in the court below, but the judgment undertook to set aside in its entirety and hold for naught a former judgment against George W. Cunningham et al. It also canceled and removed, as a cloud upon the title to certain lands, deeds as follows: One from R. W. Edwards, sheriff, to Lula B. Stuard; another from Lula B. Stuard to George W. Cunningham; and still another from George W. Cunningham to the Guaranty State Bank of San Angelo. It is elementary that no effective decree could be rendered against these persons who were not parties to this suit, and that therefore the judgment, if in fact it were a final judgment, should be reversed for want of necessary parties.

The grounds for dismissing the appeal are not so certain as are those for reversing the judgment and remanding the cause. Upon another trial all questions of the finality of the judgment will doubtless be removed. We have therefore concluded to set aside our former order dismissing the appeal and to enter in lieu thereof an order reversing the judgment of the trial court and remanding the cause for further proceedings.

The motion of plaintiff in error for rehearing is accordingly granted in part.