Clyde HARRELL, Appellant,

v.

N. D. BLACK, Jr., et al., Appellees.

No. 3666.

Court of Civil Appeals of Texas.

Waco.

Nov. 5, 1959.

Rehearing Denied Dec. 2, 1959.

Arthur H. Waddell, Hubert D. Wills, Grand Prairie, for appellant.

Storey, Armstrong & Steger, Dallas, Walter A. Cober, Grand Prairie, for appellees.

McDONALD, Chief Justice.

This case is a bill of review brought to set aside a default judgment previously entered. The parties will be referred to by their names for clarity. Appellant Harrell sued appellees Black and Stufflebene for $1,711 and attorney's fees. In such suit Harrell alleged that he furnished certain materials used in a house Black had constructed for Stufflebene, and that he had not been paid. Black and Stufflebene failed to file an answer and judgment by default was entered for Harrell for the amount sued for, in April 1957. Black and Stufflebene discovered that the judgment had been entered and in July 1958 filed the instant case to set aside the default judgment, pleading that the attorney for Harrell had agreed with their attorney not to take action in the case until the two attorneys could discuss the litigation, and that Harrell's attorney, in violation of the agreement, proceeded to take the judgment by default; and further, that a meritorious defense existed to the case on its merits. Harrell filed a general denial. Black and Stufflebene filed motion for partial summary judgment on the issue that the original judgment should be set aside, supported by affidavit of their attorney, Walter A. Cober. Such motion and affidavit were to the effect that after Black and Stufflebene were served in the case they employed attorney Cober, who contacted attorney Waddell, who filed the case for Harrell, and that the two attorneys agreed that they would try to settle the case and that if no settlement was reached that attorney Cober should have time to file answer in the case; that attorney Waddell was a candidate for Mayor of Grand Prairie; that attorney Cober did not support him; that shortly thereafter attorney Waddell, without notice, breached his agreement with attorney Cober and caused default judgment to be entered in the case against Black and Stufflebene.

Harrell filed an answer in opposition to Black and Stufflebene's motion for summary judgment and attached thereto the affidavit of attorney Waddell in which he "specifically denied all allegations of improper conduct" set out by Black and Stufflebene.

The Trial Court, on 14 November 1958, entered summary judgment setting aside the default judgment previously entered against Black and Stufflebene and ordered that trial on the merits be granted to the parties.

Harrell appeals, contending: 1) that the Trial Court erred in granting summary judgment because in a suit brought by bill of review only one trial is had, in which the court must try and determine not only the question of whether the judgment may be reopened, but also the issues presented in the original action; 2) that the Trial Court erred in granting summary judgment since there was genuine dispute as to issues of fact made by the pleadings and affidavits.

■■■ Appellant's first contention is that the Trial Court erred in granting summary judgment because in a bill of review to set aside a judgment only one trial is to be had, in which the court must determine whether the judgment may be reopened, and also the issues presented in the original action. In a bill of review action to set aside a default judgment the Trial Court should try and determine not only the issues as to whether the judgment should be reopened, but also the issues presented in the original action. In the instant case the appellees made motion for summary judgment on only a portion of the issues required for adjudication of the case, and the Trial Court by its judgment adjudicated only a portion of the issues and specifically stipulated that trial on the merits be had by the parties. Summary judgment proceeding is proper to limit the issues to be tried in a case. Rule 166(d); Small v. Lang, Tex. Civ.App., 239 S.W.2d 441, W/E Ref. NRE; Harred v. Conrad, Tex.Civ.App., 287 S.W. 2d 229, W/E Ref. NRE; IV McDonald

Tex.Civil Procedure, p. 1382; Supp. Vol. IV., supra, p. 30. We therefore hold that the Trial Court's order herein was effective to dispose of the issue of setting aside the former default judgment. The Trial Court should have proceeded at that time to hear the other issues in the case and to adjudicate same. However, appellant excepted to the order sustaining the appellees' motion for summary judgment on partial issues in the case, and attempts to bring the matter up on appeal for review.

 Since the Trial Court did not adjudicate and render judgment on all of the issues arising in this cause, the judgment before us is one disposing of only a portion of the issues and is an interlocutory judgment, from which no appeal can lie. See: Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022; Clay Lumber Co. v. Patterson, Tex. Civ.App., 28 S.W.2d 825, (no writ hist.); Shaw v. Cunningham, Tex.Civ.App., 42 S. W.2d 685, W/E Refused; Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co., Sup., 324 S.W.2d 200. Chief Justice Hickman said in the Shaw case, supra:

> "It is well settled that an appeal will not lie from a judgment merely vacating and setting aside an original judgment without disposing of the issues involved in the original suit. Such a judgment is interlocutory and therefore not appealable."

We think that the appeal herein should be dismissed.

Appellant's further contention is that the Trial Court's order granting summary judgment on the issues involved is in error since it is contended that the pleadings and affidavits in the case make for a genuine issue of fact concerning conduct of counsel in obtaining the original judgment by default. While discussion of this contention is perhaps unnecessary in view of the disposition of the case, it is our view that appellant's affidavit in support of his answer in opposition to summary judgment is insufficient to warrant an overruling of the motion. Appellees' motion and affidavits were that appellant's attorney agreed not to proceed in the case until he had discussed settlement with appellees' attorney, and that in violation of such agreement he caused default judgment to be entered in the case. Appellant *"denies all allegations of improper conduct."* We think the foregoing is a conclusion and not in compliance with the rule requiring opposing affidavits to be on personal knowledge, *setting forth facts as may be admissible in evidence.* We therefore believe the Trial Court correctly sustained the motion as to the issues therein presented. See: Farmers State Bank v. First State Bank, Tex.Civ. App., 317 S.W.2d 768, (no writ hist.); Mugrage v. Texas Employers Ins. Ass'n, Tex.Civ.App., 304 S.W.2d 189, W/E Denied; Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, W/E Refused.

It follows that this appeal is dismissed.