**HOUSTON TRANSIT COMPANY,**
Appellant,

v.

**Willard G. FALLS, Appellee.**

No. 13492.

Court of Civil Appeals of Texas.

Houston.

Feb. 11, 1960.

The cross-action involved the same transaction as appellee's action.

Appellee filed his motion for summary judgment on the cross-action on the ground that appellant's cause of action was barred by limitation. The court sustained the motion and rendered judgment that appellant take nothing by its cross-action. Appellant appealed from such judgment.

The judgment appealed from is not a final one. It merely disposes of the cross-action and leaves undetermined the controversy asserted in appellee's petition. There is no severance of the cross-action. To be final, so as to be appealable, a judgment must expressly or by necessary implication dispose of all issues of the controversy on the merits.

The appeal is therefore dismissed for want of jurisdiction.

B. D. McKinney, Houston; Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Kelly D. Williams, Houston, for appellee.

BELL, Chief Justice.

The appellee filed a suit against appellant for damages caused to a truck belonging to him, allegedly caused by the negligence of a bus driver of appellant. The suit was filed on the last day before the asserted cause of action was barred by limitation. Citation was issued and was served on appellant some days after limitation had run. Within the time appellant was required to answer, it filed its answer and cross-action. The cross-action asserted damages done to its bus in the collision with appellee's truck.