**Guy ALDRIDGE, Appellant,**

v.

**NORTHEAST INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 14386.**

Court of Civil Appeals of Texas.

San Antonio.

June 2, 1965.

Rehearing Denied July 7, 1965.

Frank Y. Hill, Jr., San Antonio, for appellant.

Foster, Lewis, Langley, Gardner & Hawn, Ralph G. Langley, Willis T. Taylor, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by appellee, Northeast Independent School District, against appellant, Guy Aldridge, seeking to recover damages in the sum of $40,000.00 for breach of a certain written contract, signed by appellant, to sell and convey to appellee some twenty acres of land to construct a sewerage line and certain public streets. The land was conveyed but the sewerage line and the streets were not constructed.

Appellant answered contending that he signed the contract only as agent for King-O-Hills Development Company, and that the real contract was oral and between said corporation and appellee; that any obliga-

tion was that of the corporation and not that of appellant individually. Later, with leave of the court, appellant filed what he termed "DEFENDANT'S PLEA IN ABATEMENT, FIRST AMENDED ORIGINAL ANSWER, AND THIRD PARTY COMPLAINT," in which he made the following prayer, to-wit:

"WHEREFORE, PREMISES CONSIDERED, Defendant prays that third party Defendant herein be cited to appear and answer this third party complaint; and on the trial hereof, the Plaintiff take nothing as against this Defendant, and that he be discharged and recover his costs; but that if the said Plaintiff should recover anything, then that this Defendant recover against the third party Defendant herein (King-O-Hills Development Company) for the same amount; and that in either event that this Defendant recover from and against the third party Defendant all expenses and attorney's fees incurred by Defendant in the defense of this suit and in the protection of himself against the action of the Plaintiff herein, and for such other and further relief both at law and in equity to which Defendant may show himself justly entitled."

The third party defendant filed its answer and entered its general denial to appellant's third-party petition.

Thereafter, on motion of appellee, the trial court granted a summary judgment in the sum of $30,000.00 against appellant, being the amount of damages suffered by appellee as stipulated, but made no disposition of the third party suit. Thus the judgment from which this appeal is attempted is nothing more than an interlocutory order in that it does not dispose of all the issues raised by the pleadings.

■ Ordinarily, there can be but one final judgment in a case unless there is a severance of parties or issues. Appeals can be taken to the Courts of Civil Appeals from a trial court only where there is a final judgment. Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200; Wagner v. Warnasch, 156 Tex. 334, 335, 295 S.W.2d 890; Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377; Kimmel v. Lytton, Tex.Civ.App., 371 S.W.2d 927; Webb v. Mitchell, Tex.Civ.App., 353 S.W. 2d 330; Cantrell v. City of Dallas, Tex.Civ. App., 350 S.W.2d 358; Houston Transit Co. v. Falls, Tex.Civ.App., 332 S.W.2d 446; Holub v. Nortex Oil & Gas Corp., Tex.Civ. App., 330 S.W.2d 491; Harrell v. Black, Tex.Civ.App., 329 S.W.2d 127.

■ No disposition whatsoever is made of the issues raised by appellant's third party action against King-O-Hills Development Company. This matter is still pending in the trial court. There being no final judgment herein from which an appeal could be taken to this Court, this attempted appeal by Guy Aldridge is dismissed.