TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00765-CV

Robert Embser, Jr., Appellant

v.

Steve Breneman, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 96-03752, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 

PER CURIAM

 Steve Breneman brought a bill of review seeking to set aside a default judgment
rendered against him. The trial court granted the bill of review, set aside the default judgment,
and granted a new trial. The trial court did not, however, reach the merits of the underlying cause
of action. An order granting a bill of review that sets aside a prior judgment without disposing
of all issues in the cause on the merits is interlocutory and not appealable. Tesoro Petroleum v.
Smith, 796 S.W.2d 705, 705 (Tex. 1990); Shahbaz v. Feizy Import & Export Co., 827 S.W.2d
63, 64-65 (Tex. App.--Houston [1st Dist.] 1992, no writ); Crabtree v. Crabtree, 627 S.W.2d 486,
487-88 (Tex. App.--Corpus Christi 1981, no writ); Harrell v. Black, 329 S.W.2d 127, 129 (Tex.
Civ. App.--Waco 1959, writ ref'd n.r.e.).

 This Court, with exceptions not applicable here, has jurisdiction only over a final
judgment that disposes of all issues and all parties. North E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966); Pelt v. State Bd. of Ins., 802 S.W.2d 822, 826 (Tex. App.--Austin
1990, no writ). Because no final judgment exists in this cause, we dismiss the appeal for want
of jurisdiction. (1) See Tex. R. App. P. 42.3(a).

Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 5, 1998

Do Not Publish

1. By letter of January 16, 1998, the parties were given the opportunity to provide the Court
with any reasons why the judgment might be final, or to notify the Court if any documents
showing finality had been omitted from the clerk's record. Breneman responded with a letter brief
of additional authorities supporting the lack of finality. Appellant Embser has not responded.