### JOSIAH FISK v. JOHN G. MILLER AND WIFE.

That the said verdict and judgment operated a surprise on him, and does him the greatest injustice, as he will hereafter show; that his title papers (now exhibited as part of this petition) were by some mistake, accident or omission, then beyond the control of your petitioner, not presented to the jury as was his wish, and he avers said omission occurred under circumstances which he considered then out of his power to prevent, is not a sufficient showing on general demurrer, for an injunction and new trial of an action to recover land, on the petition of the defendant in such action, filed after the Term.

Judgment against the defendant, in an action of trespass to try title to land, is conclusive of the right, unless reversed or set aside for cause; the right to a second action being granted by the statute to the plaintiff, and not to the defendant.

Appeal from Travis. Tried below before the Hon. Thomas J. Devine.

This was a suit for injunction by Josiah Fisk against John G. Miller and Catharine, his wife, to enjoin the execution of a judgment recovered by Miller and wife against Fisk and others, at

Fisk v. Miller.

the Fall Term, 1852, affirmed at Austin, 1854, and reported in 13th Tex. R. 224 ; and for a new trial upon the merits.

The petition alleged that the said verdict and judgment operated a surprise on him, and does him the greatest injustice, as he will hereafter show to your Honor ; that his title papers (which he described and exhibited as part of the petition) were by some mistake, accident or omission, then beyond the control of your petitioner, not presented to the jury as was his wish, and he avers said omission occurred under circumstances which he considered then out of his power to prevent. So it is, he has no remedy now except an appeal to your justice and exercise of your equitable powers. Your petitioner is advised and believes, that as the law governing proceedings in cases of trespass to try title, allows a plaintiff against whom judgment has been rendered, to institute a new suit for the same property within a year after the final decision and affirmance of judgment against him by the Supreme Court in the first suit, by a fair and equitable construction of the statute, a defendant who claims by a conflicting title and affirmative defence, being so far plaintiff, would have the same privilege accorded to him, especially upon presenting *prima facie* a better title either in himself or outstanding, than the plaintiff's in the former suit, and showing satisfactory reasons for its non-production on the former trial of the right. The title exhibited by Fisk was the proceedings in an action before a Justice of the Peace in Bastrop county, by Francis Winans against Hiram B. Hill, in which an attachment had been obtained by Winans and levied on the property in controversy on the 26th of January, 1846 ; a judgment rendered in favor of Winans on the 14th of February ; and a sale of the property to Fisk by the Sheriff of Travis county, as appeared by Sheriff's deed dated July 17th, 1846, reciting the attachment, judgment and an order to sell the property. The Justice who was in charge of the papers, and certified them, certified that the execution or order of sale could not be found.

Defendants demurred on the ground that there was no legal or equitable right set up in the petition ; that all the facts existed within plaintiff's knowledge at the previous trial ; that neither fraud nor error in obtaining the judgment at the former trial, was charged ; that the petition showed plaintiff was concluded by the former judgment.

The demurrer was sustained and the petition dismissed.

*Shelby & Carrington*, for appellant.  Upon the trial of the former suit, the appellees introduced a receipt without proving its execution, which was excepted to by the appellant; and upon the overruling of the exception the appellant's attorney rested his cause there, being confident of a reversal of the case in the Supreme Court, and being unwilling to introduce his client's testimony—title papers—unless there could be a fair showing given to appellant.  The appellant insisted that the title papers should be presented to the jury, and supposed it had been done until after the termination of the cause.

The appellant alleges in his petition in this case, the fact of his inability to present his testimony upon the trial—in consequence of the mistake thus resulting as we suppose from the indisposition of his attorney to prosecute the case further, until the ruling of the Court below was corrected.  It also alleges his surprise, resulting from the judgment of this Court pronounced in the original cause.  It will be recollected that this Court sustained the exception taken by appellant's counsel, to the introduction of the receipt without proof of its execution, but ruled that there was enough in the special verdict of the jury to sustain the judgment of the Court below.  The learned counsel of appellees (having after the introduction of the receipt no opposition except such as appellant, thus unexpectedly deprived of counsel, could oppose in his own proper person with a little incidental assistance from counsel,) induced the jury to bring in the special verdict, upon which the judgment of the Court below and also of this Court in confirmation was based.  We think there can be no doubt, but that the powers of a Court of equity have been properly invoked upon the ground suggested in the petition, to wit: surprise, accident, and mistake.

The appellant's counsel was surprised by the ruling of this Court.  Knowing full well that a flagrant outrage upon the plainest principles of law had been perpetrated in overruling his exception to the introduction of the receipt without proof of execution, he doubted not that that was sufficient error for the granting of a new trial, and did not for a moment imagine that appellee's counsel could or would attempt to have such a special verdict rendered by the jury as to avoid the error thus perpetrated.

The appellant's petition alleges the accident or mistake by which he was unable to present the points of his cause to the jury—his title papers.  The allegation is positive.  It was in

consequence of no fault or negligence of his, that it was not done. He desired it done, and supposed it was done, and would have been but for the mistake, &c.

We think therefore that the real question before this Court is as to the merits of the case. Has the appellant any equitable rights of which he has been deprived ? [Here counsel argued the merits of the respective titles.]

The general rule in reference to new trials is : "If there is strong probable ground to believe that the merits of the case have not been fully and fairly tried, and that injustice has been done, a new trial will be granted." (Wheeler v. Shilo, 2 Scammon, 338.) "If the Court should see that injustice has been done or might have been done on the former trial, a new trial will be granted." (Kelsey v. Henner, 18 Conn. 311.)

In cases of ejectment, the rule in reference to granting of new trials is much more liberal than in other cases. It was held in Mitchell v. Mitchell, 4 Binney, 180, "In an action of ejectment the Court will grant a new trial, when the Judge lays down the law too broadly."

As stated by Lord Mansfield in the celebrated case of Clymer v. Little, 2 Blk. 345, 348, "The Court rather lean to new trials on behalf of defendants in the case of ejectments, especially on the footing of surprise." (Tillinghast's Adams. 329; Ad. Eject. 388 and 326.)

It cannot be denied, that the appellant at Common Law, would have been entitled to bring his suit, and set up his superior title after appellees' recovery. In Jackson v. Duffendorf, 3 Johns. 269, it was held where there had been a judgment in favor of the plaintiff in ejectment, "The rights of the defendant were not prejudiced, he had a right to bring his action and recover according to the interest he had before ejectment." (See Chapman v. Armistead, 4 Munf. 382; 5 Ham. 509; 4 Cowen, 667; Adams on Ejectment, 388 and 326 and 7.) This being the law, we do not understand why the appellant should not be allowed to set up his title in the suit now pending.

It is not pretended that the Common Law rule is not in force in this State, and "if at Common Law injustice was done" to appellant by the special verdict, and there was a probability, however remote, that justice would be done on re-trial, a new trial would be granted; (see 2 Burrows R. 936 ;) or if the party preferred, he might bring a suit, as shown by the authorities cited.

It was held in the case of Regency v. Hotchkiss, 9 N. Hamp. 257, upon a petition for a new trial, "Where the evidence shows the default of petitioner was by accident and he intended to appear but did not do so, he was entitled to a new trial." (See also Price v. Ford, 7 Monroe, 399.) The case before the Court is certainly much more equitable than the case of Regency v. Hotchkiss. There the party intended to defend but did not do so.

It is said in Graham on New Trials, 3 vol. 892, in some cases " even where the complainant is not entirely free from fault and a great wrong and injury would otherwise be done, the Court, for sake of promoting justice, will grant a new trial." See also 1 Smeed. and Mar. Ch. R. 466, where the rule is still more broadly stated.

It is also stated in Ford v. Ford, Walker, R. 505, (Miss.) "Equity will relieve against a judgment at law by granting a new trial, where the defendant had a good defence."

In the case of Cowperthwaite v. Jones, it was held, "Whenever it appears with reasonable certainty that injustice has been done to the party, the Court will grant a new trial." (2 Dallas, 56; see also Moore v. Mussina, 13 Tex. R. 7.)

We contend that the appellant is entitled to a reversal of the case upon the ground of surprise. " Surprise is correctly defined to be that situation in which a party is unexpectedly placed without any default of his own which will be injurious to his interest." (Bouvier's Inst. vol. 3, p. 512; Rawle v. Skipwith, 8, N. S. 467.)

Has the appellant been unexpectedly placed in a position injurious to his interests? He was litigating for his homestead. He expected to have the privilege extended to him of presenting his title papers. He was prevented from having his title passed upon by the jury. The petition alleges that this resulted from an accident "beyond his power of control." This allegation is not denied. The demurrer really confesses it.

It was held in the case of Betting v. Murry, 1 M. 216, "Where the plaintiff opens his case upon one basis which is successfully met by the defendant, and the plaintiff in conclusion relies upon a different basis, so as to produce a material surprise upon the defendant and the verdict is for plaintiff, the Court will grant a new trial."

We think there cannot be a shadow of doubt as to the fact, that in the case before the Court the appellant was subjected to a material surprise by the judgment of the Court and special

verdict of the jury.  The receipt was introduced without proof; the appellant's counsel was so much chagrined by the action of the Court in admitting the receipt, that he paid but little attention to the after management of the case.  He was prepared, as we suppose, to combat the execution of the receipt and to show it had been basely and fraudulently gotten up by appellees.  He confidently relied upon a reversal of the case for this error. Appellees' counsel induced the jury to find a special verdict, which could never have been found if appellant's superior title had not by an "unavoidable mistake" been overlooked or "omitted."

In conclusion, we suggest there can be no doubt of the error of the Court below in sustaining the demurrer to the petition. The demurrer was special, and the Court was therefore limited to the specific defects referred to. (See also Blount v. Garen, 3 Hay. 88; Deems v. Quarries, 3 Rand. R. 475.)

*Megginson* and *Bowers,* also, for appellant.

*I. A. & G. W. Paschal,* for appellees, argued that good cause was not shown, for plaintiff's failure to introduce his title in evidence in the former trial, and that he was therefore not entitled to a new trial; cited Doss v. Miller, 6 Tex. R. 338; Prewett v. Perry, 6 Id. 260.

II.  That a defendant in an action of trespass to try title is not entitled to a second action to try the right; that the statutory provision which gives the plaintiff in an action of trespass to try title a right to a second action, is an exception to the general rule of *res judicata,* and must be confined to its terms; that to give the defendant a right to a second action would result in the greatest absurdity.  For example, A sues B and recovers; B sues A and is defeated; but he had sued as plaintiff, and is now entitled under the statute to a second action as plaintiff; he therefore sues again, and is successful; now A sues, and what will bar?  We have seen that his first judgments were not a bar in his favor, and of course they will not be good against him.  B's judgments cannot bar the right, because they cannot be more favored than A's.

III.  That the defendants' equities were superior to plaintiff's.

WHEELER, J.  On the authority of repeated decisions of this Court, it must be held that the petition disclosed no sufficient

37

ground for the awarding of a new trial. (Goss v. McLaren, 17 Tex. R. 107, and cases cited.) What the "mistake, accident or omission then beyond the control" of the petitioner was, which he "considered then out of his power to prevent," and which prevented him from producing his evidence upon the trial, ought to have been shown, in order that the Court might judge of its sufficiency, and in order that it might be seen that it was not occasioned by his own fault or negligence. Moreover, he shows no excuse for his failure to move for a new trial during the Term. The causes which would be sufficient now for awarding it, would have been so then. The failure to present them should have been satisfactorily accounted for.

It is insisted, however, that the judgment in the former case is no bar to the present action; for that the defendant, where there has been a judgment against him in an action of trespass to try title, has the right to bring his action and recover upon the title he had before the action, in analogy to the right of the defendant in an action of ejectment at Common Law. However equitable this may appear, we have been unable to find anything in the law to warrant such a doctrine. The action of ejectment was never known to our law of procedure as a remedy to which a party might resort to recover the possession of land. The maxim of the civil law is *res judicata pro veritate accipitur*, and it was recognized and applied by the law of this country. The Act to provide the mode of trying titles to land took effect contemporaneously with the Act which introduced the Common Law. It provided that the action should be tried on its merits, conformably to the principles of trial by ejectment, but at the same time rejected the fictions of that action. (Hart. Dig. Art. 3220, 3221.) These, therefore, cannot be invoked to give a right of action unknown to existing laws. Moreover, the Act expressly provides that the plaintiff shall have a second action, (Hart. Dig. Art. 3226,) but there is no such provision for the defendant; from which the conclusion is irresistible, that he has not the right by the statute; and there is no other law which confers it. The Court therefore did not err in sustaining the demurrer, and the judgment is affirmed.

                                        Judgment affirmed.