## NAT. LEWIS v. THE CITY OF SAN ANTONIO.

A bill of review will not lie against a judgment of the Supreme Court upon the allegation that the court was mistaken in the facts of the cause in which the judgment was rendered; nor upon the allegation that the attorney of the plaintiff permitted a false statement of facts to be sent up to this court in the cause sought to be reviewed, there being no charge of complicity made against the opposing party.

The common law remedy by bill of review for error of law apparent on the face of a decree, has not been adopted as part of the remedial system of this State. The case of Seguin v. Maverick, 24 Tex. R., 526, cited and approved.

The appellant brought this suit to try title to a parcel of land in the city of San Antonio; the appellee, defendant below, pleaded former adjudication of the title in a suit brought by the present appellee against the present appellant for the abatement of a nuisance on the same land: *Held*, that as it appeared from the record of the former suit that the title was therein adjudicated, the plea of *res adjudicata* was a good defence.

The right granted by statute to a plaintiff to institute a second suit for the trial of title to land, is conferred upon the plaintiff alone; and cannot be arrogated by the defendant in the former suit so as to enable him, in a new suit brought by him against the former plaintiff, to avoid the plea of *res adjudicata.*

APPEAL from Guadalupe. Tried below before the Hon. A. W. Terrell.

Lewis v. San Antonio.

This was a suit brought by the appellant against the appellee to try title to a lot or parcel of land in the city of San Antonio, and also to review the judgment of the Supreme Court in the case of San Antonio v. Lewis, reported in 15th Tex. R., 388.

For the facts of the case, reference is made to that report and to the opinion in this cause.

This suit was originally instituted in the District Court of Bexar county, whence the venue was changed to Guadalupe in consequence of the disqualification of the judge of the Bexar District, Hon. T. J. Devine, by reason of his interest in the suit as a citizen of San Antonio.

Verdict and judgment for defendant; and a new trial refused.

*Hewitt & Newton,* and *W. Tunstall,* for appellant.

*I. A. & G. W. Paschal,* for appellee.

MOORE, J. The petition of appellant, who was the plaintiff below, was framed for the purpose of seeking relief in two aspects. In one, it is intended as a bill of review to annul a former judgment by this court. In the other, it is an action of trespass to try title.

Although the right to review the former decision of this court has been somewhat insisted upon in the argument by appellant's counsel, it appears that on the trial of the case below no notice was taken of this aspect of the case, either by the court or by the parties. And we think that it is very evident, although there was no exception to the petition, that, if the allegations upon which the prayer for a review was based, had been fully and satisfactorily proved,—which, however, they were not,—there would not have been the slightest ground to have granted the relief asked. The causes assigned for the review in the petition, are, first, a mistake in the facts that were before the court; and second, that appellant's attorney had permitted a false statement of facts to be sent to this court on the former trial; but this was not charged to have been done at the instance of, or by the fraudulent connivance of, the present appellee.

Bills of review in the English Chancery Courts are permitted

to be brought in but two cases; one of these is for an error of law appearing in the body of the decree; the other is for some new matter which has arisen or come to light after the decree was made, and which could not, by reasonable diligence, have been used when the decree was made. (St. Eq. Pl., secs. 404, 413, 414.) The most favorable view for appellant, that could be taken of the first ground that he assigns for the review, is that he intends to charge, that as the court was mistaken in the facts upon which the judgment was based in the particular referred to, that there was necessarily committed by it an error in law. But it has been expressly decided by this court in the case of Seguin v. Maverick, 24 Tex., 526, that a bill of review for an error of law, has not been adopted as a part of our remedial system. If this were not the case, a judgment of the highest appellate tribunal could not in this manner be attacked. (St. Eq. Pl., sec. 408.) It is too evident to require comment that the other ground assigned did not afford the slightest reason for a review, or reversal of the former judgment.

Appellee pleaded, among other matters, to appellant's petition as an action of trespass to try title, that the matter put in issue had been fully and finally adjudicated in the former case, which appellant was also seeking to review. Appellant sought to escape, we think unsuccessfully, from the effect of this plea on several different grounds; to which we will briefly allude. And, first, he insists, as the former suit was brought by appellee to abate a nuisance merely, the title to the lot claimed by him was not thereby put in issue. But an examination of the pleading in that case shows that the alleged nuisance consisted in erecting the house, which appellant sought to abate, upon the public plaza, a title for which it was also asked should be decreed to appellee; and the opinion of this court, in that case, (San Antonio v. Lewis, 15 Tex., 388,) shows that the entire controversy between the parties turned upon the title for the same lot for which appellant is now suing. And it must be held as a conclusive answer to the present suit unless the well established rule upon the subject is not applicable to this case. (1 Greenl. Ev., p. 704, note 1; 3 Phill. Ev., Cow. & Hill notes, 9, et seq.)

Appellant, however, insisted that, if the former suit involved

the question of title to the lot now sued for, this issue was raised by him, and the burden of proof rested upon him, and that he consequently may maintain this as the second suit to try title, authorized by the statute. (O. & W. Dig., arts. 2043, 2049.) This position can not be maintained with even a show of plausibility. The appellee was the plaintiff in the former suit, and asserted title in the petition, to which appellant pleaded a general denial.

It is also insisted, that when the suit is to try title, the statute authorizing a second suit to be brought within twelve months from the final termination of the first suit, is applicable as well to the defendant as the plaintiff. But this question has been long since settled by the decision of this court in the case of Fisk v. Miller, 20 Tex., 572. And the doctrine enunciated in that case has since been frequently recognized, and must now be regarded as a settled rule of practice and of property.

As we hold that the judgment pleaded by appellee is conclusive against appellant upon the question of title set up by him in this case, it is unnecessary to discuss any of the other points presented by the record. There is no error in the judgment of the court below, and it is therefore affirmed.

Judgment affirmed.