56   119
78   675

BETSY WEBSTER V. GEORGE E. MANN ET ALS.

(Case No. 1444.)

1. JUDGMENT.— A judgment which determines in favor of a vendee the validity of a deed operates as a conclusive bar, in favor of the vendee and those claiming under him, to any claim by the vendor or his heirs to any property the title to which purported to pass by such deed, until such judgment is reversed or in some manner set aside.

2. DEPOSITION — FORGERY.— The offense of forgery renders the one guilty of it so infamous as to disqualify him from testifying in a court of justice. And if his deposition be taken after indictment for that offense, though before conviction, it cannot be read in evidence if objected to.

APPEAL from Galveston.    Tried below before the Hon.
Wm. H. Stewart.

For a history of the former case to which reference is
made in the opinion, see 52 Tex., 427.

*Fred Barnard,* for the appellant.

I. The plea of *res adjudicata* only applies to the same
parties and the same property embraced in the judgment
pleaded, and only to the matter litigated therein or which
might have been litigated therein.    Cassady *v.* Smith's
Adm'rs, Tyler term, 1881; Cooke *v.* Burnley, 45 Tex., 98;
Oldham *v.* McIvor, 49 Tex., 450.

II.  Whether matters involved in the suit of George E.
Mann *v.* Baker Williams and Betsy Webster, No. 9417,
and the matters involved in this suit are the same, is a
question of fact and not matter of demurrer.    Hampton
*v.* Drew, 4 Tex., 459; Cooke *v.* Burnley, 45 Tex., 98;
Oldham *v.* McIvor, 49 Tex., 456.

III.  A voidable deed may be used to recover possession
of property, and the defendant is not precluded thereby,
where want of parties prevented the setting aside of such
deed, from bringing a proper suit to cancel such deed and
recover both the title and possession of such property.
Horton *v.* Hamilton, 20 Tex., 611; Bertrand *v.* Bingham,
13 Tex., 268.

III.  Whether the deed to Thomas Baker was voidable
was not in issue in cause No. 9417, because Thomas
Baker was a necessary party in a suit to cancel a deed in
his favor.    The right of possession and the right of prop-
erty were separate questions.    Cooke *v.* Burnley, 45 Tex.,
98; Oldham *v.* McIvor, 49 Tex., 456; Denison *v.* League,
16 Tex., 408, 409.

V.  The judgment could not be conclusive as to property
not involved in the suit decided.    Cooke *v.* Burnley, 45
Tex., 98; Oldham *v.* McIvor, 49 Tex., 456.

VI.  The witness was not disqualified at the time his
deposition was taken, and a subsequent conviction would

not invalidate his evidence taken before conviction. R.
S., Penal Code Stat., 725–727; Lobdell *v.* Fowler, 33 Tex.,
346; 1 Phil. on Ev., p. 14.

*M. C. McLemore* and *Scott & Levi,* for appellees.

STAYTON, ASSOCIATE JUSTICE.— There is no statement
of facts in this cause, which was tried by a jury, nor is
the charge of the court contained in the record, although
it appears that a charge was given to the jury.

In this state of the record it must be presumed that the
evidence was sufficient to sustain the verdict and judg-
ment, which was authorized by the pleadings, and, in so
far as the appellee Thomas Baker is concerned, must be
held to conclusively establish that lots 8, 9, 10, 11 and 12,
in block 255, in the city of Galveston, Texas, were con-
veyed by Betsy Webster to Thomas Baker by valid deed
of date August 5, 1869.

This involves the finding that Betsy Webster executed
the deed of that date for a valuable consideration, at a
time when she was fully competent to contract, and
under circumstances which made the transaction clearly
legal.

These facts being established, it follows that the appel-
lants, who claim as the heirs of Betsy Webster, are not,
as against the appellee Thomas Baker, entitled to recover
lot 12, block 255, which is one of the lots conveyed by
the deed of August 5, 1869; and it only becomes neces-
sary now to consider whether they show any ground for
the reversal of the judgment as to the appellee George
E. Mann.

The pleadings of the appellant show that George E.
Mann claims lots Nos. 8, 9, 10 and 11, block 255, through
a deed made to him by Thomas Baker; all of which,
together with lot 12, in same block, was conveyed to
Thomas Baker by Betsy Webster by deed of date August
5, 1869.

The pleading of the plaintiffs sought to attack the deed to Baker for the five lots on the ground that Betsy Webster was *non compos mentis* at the time the deed was executed; alleged alteration of the deed after the same was executed by Betsy Webster for lot 12, block 250, by the change of the number of the block and by insertion of lots 8, 9, 10 and 11.

The pleadings of plaintiff also set up in detail the proceedings had in a suit in the district court for Galveston county for lots 8, 9, and a part of lot 10, between George E. Mann as plaintiff and Betsy Webster as defendant, with the judgment thereon, which was in favor of Mann. It appeared therein that Betsy Webster set up the same matters of defense as are set up as grounds of relief in this cause, and there was an averment that said judgment was invalid, for the reason that Betsy Webster was *non compos mentis* when said suit was brought and at the time of its trial; that she had no guardian, and was unable to give information to her attorneys, or then to procure testimony necessary to her defense; there was a prayer that the judgment in favor of Mann against Webster be annulled.

To the petition the defendant Mann filed a special demurrer, by which he set up the bar of the judgment rendered in his favor against Webster, which upon hearing was sustained by the court. Mann also pleaded the judgment rendered in his favor in bar of this suit, together with other defenses.

The record shows that there was no trial of the cause upon the facts upon which appellants relied to annul the former judgment rendered in favor of Mann.

Under the view we take of the case, it is unimportant to inquire whether the former judgment in favor of Mann, rendered during the life of Betsy Webster, and appealed to this court and affirmed, which is reported in 52 Tex., 427, was valid or not; as to this, however, we see no reason to question its validity.

The former suit in favor of Mann embraced only lots 8, 9, and a part of lot 10; the present suit embraces lots 8, 9, 10, 11 and 12. There was no disclaimer by Thomas Baker as to lot 12, block 255; but there was a disclaimer by him as to lots 8, 9, 10 and 11, which he had conveyed to Mann.

The rights of Mann as well as of Baker depended upon the validity of the deed from Betsy Webster to Baker, and the principal relief sought was the annulment of that deed.

The validity of that deed, in any event, was in issue in the case between the appellants and Baker as to lot 12; in fact, that was the main issue in the case; hence, even if Mann's title to lots 8, 9, 10 and 11 was not actually passed upon by the jury, the judgment rendered would be as conclusive of his right to that property as if it had been so passed upon; for there is no question that in so far as lot 12 was concerned, title to it, through the deed of Betsy Webster to Baker, was directly in issue. This issue depended solely upon the question of the validity of the deed, and that having been found in favor of the appellees, must be held conclusive as to all the property that passed thereby, or which by its terms purported to pass thereby, and such judgment must, unless reversed or in some manner set aside, operate as a conclusive bar to any claim by Betsy Webster's heirs for any of the property named in the deed. San Antonio v. Lewis, 32 Tex., 411; Lewis v. San Antonio, 26 Tex., 319; Aurora v. West, 7 Wall., 97; Beloit v. Morgan, 7 Wall., 619.

The exclusion of the deposition of Jesse Stancel was not error.

The deposition of Stancel was taken before his conviction of the offense of forgery, but after he had been indicted for that offense. The offense of forgery is one which at common law was held to render the person guilty thereof *infamous*, and hence incompetent to testify. 1 Greenleaf on Ev., 373.

The ground of this exclusion is thus stated by Mr. Greenleaf: "The basis of the rule seems to be, that such a person is morally too corrupt to be trusted to testify; so reckless of the distinction between truth and falsehood, and insensible to the restraining force of an oath, as to render it extremely improbable that he will speak the truth at all." Greenleaf on Ev., 372.

The judgment of conviction is but the evidence of the moral depravity which creates the disqualification; and the reason for the exclusion of the testimony of a party while under indictment upon which a conviction is subsequently had, is just as strong as though his testimony was given after conviction.

The facts and law existing at the time of the trial, and not at the time of the taking of a deposition, must be looked to ordinarily to determine its competency. Weeks' Law of Depositions, 515, and citations.

There being no error in the judgment, it is affirmed.

Affirmed.

[Opinion delivered February 17, 1881.]

