### J. W. ANDERSON ET AL. v. JACK SUTHERLAND ET AL.

(Case No. 4116.)

1. ACTION FOR NEW TRIAL.— In an action brought for the new trial of issues deter-
mined by a former judgment, which is based on the discovery of new evidence,
the petition should set forth the new evidence *verbatim*. It should be contained in ac-
companying affidavits of the witnesses who will testify, or the absence of the affi-
davits should be satisfactorily accounted for. The petition should also state the
facts constituting diligence and to discover the testimony before the former trial.
A general statement of the character of the evidence discovered, and that due dil-
igence was used to discover it sooner, will not be sufficient.

APPEAL from Wilson. Tried below before the Hon. Everett
Lewis.

Suit against appellees, brought November 28, 1878, for a new trial
in a case wherein a judgment had been rendered against the appel-
lants at the December term, 1876, of the district court of Wilson
county. The basis of the suit was newly discovered evidence. The
petition in effect alleged that plaintiff had but recently discovered
the whereabouts of certain chain carriers, and that he could prove by
them conclusively that the line of the land in litigation was where
he had claimed it was in the original suit; and that he had used all the
diligence in his power to learn the whereabouts of these witnesses,
and to secure their evidence, etc.

Appellees excepted generally and specially to the petition. The
exceptions were sustained and the cause dismissed.

*John Ireland*, for appellant, cited Seguin *v.* Maverick, 24 Tex.,
532.

*Lackey & Kleberg*, for appellee.

WATTS, J. COM. APP.— This is a suit for a new trial, instituted
nearly two years subsequent to the rendition of the judgment; it is
based upon the ground of newly discovered evidence, that is, evi-
dence discovered long after the judgment was rendered. This evi-
dence is not set out in the petition further than to state its effect
and result when presented.

In Burnley *v.* Rice, Adams & Co., 21 Tex., 182, Justice Wheeler
quotes with approval from Graham & Waterman on New Trials, as
follows: " The newly discovered evidence should be set out *verbatim*,
just as it can be testified to in court, and subscribed and sworn to
by each of the newly discovered witnesses." And adds, " or at
least a satisfactory excuse should be shown for the omission or ab-

sence of the affidavit. Nothing of the kind is attempted; and the application upon this ground was manifestly insufficient."

In Steinlein v. Dial, 10 Tex., 269, the court said: "The application for a new trial was manifestly insufficient. It ought to have been accompanied by the affidavits of the witnesses by whom the party proposed to prove the facts alleged as the ground of his application. It was evident, moreover, from the statement of facts, that the new trial was asked to obtain merely cumulative evidence."

In motions for new trials, as well as original suits for that purpose, it is incumbent upon the party to set forth the facts in which the newly discovered evidence consists. That it was not owing to the want of due diligence that it was not sooner discovered, and that such evidence would probably produce a different result on another trial, and the affidavits of the witnesses as to the newly discovered evidence must be attached, or a reasonable excuse given for the failure to do so. Madden v. Shapard, 3 Tex., 50.

The allegations in the petition with reference to the diligence used simply state conclusions; that is, the plaintiff had used all the diligence in his power to discover and secure the testimony. In an application for the first continuance, the statute not only requires the party to state that he has used due diligence, but he is required to state the facts in which the due diligence consists. This is to enable the court to determine whether or not the facts constitute due diligence. Here the appellant states that he had used all the diligence in his power to discover and secure this evidence. This is not in compliance with the requirement; he should have stated the facts of which his diligence consisted, so that the court could have determined whether or not the failure to discover and secure the evidence was in any way attributable to the negligence of the appellant.

In these respects the petition is obviously insufficient, and the exceptions were correctly sustained. We conclude that the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved May 8, 1883.]

Associate Justice STAYTON did not sit in this case.