SMITH v. McDANIEL. (No. 5406.)

(Court of Civil Appeals of Texas. Austin. Nov. 4, 1914.)

1. APPEAL AND ERROR (§ 12*) — ABANDONMENT OF APPEAL—WRIT OF ERROR—JURISDICTION.

A party to a judgment, foreclosing a vendor's lien on real estate, might abandon an attempted appeal and bring the judgment to the Court of Civil Appeals by writ of error; no motion to affirm on a certificate having been made in the meantime.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 39–46; Dec. Dig. § 12.*]

2. NEW TRIAL (§ 117*)—TIME—AFTER TERM.

A losing litigant may obtain a rehearing after the term, when it is shown that the judgment was obtained by fraud, mistake, or accident, that the complaining litigant has a meritorious cause of action or defense, that he was not negligent in failing to present his case or in asking for a new trial during the term, that there is reason to believe that a different result will be attained, and that, unless the judgment be set aside, he will sustain substantial and irreparable injury.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 238–241; Dec. Dig. § 117.*]

3. PLEADING (§ 34*) — GENERAL DEMURRER — CONSTRUCTION.

As against a general demurrer, a pleading is to be liberally construed, and all reasonable inferences are to be indulged in its favor.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

4. VENDOR AND PURCHASER (§ 285*) — PROCEEDINGS TO SET ASIDE FORECLOSURE SALE —SUFFICIENCY OF MOTION.

A motion to set aside a judgment foreclosing a vendor's lien and the sale thereunder, alleging that the purchaser had never executed the notes sued on and did not owe the debt upon which the plaintiff sued, had been prevented by sickness from appearing at the trial, and making her defense, and that such disability continued until she was dispossessed under the order of sale issued upon the judgment, and that she had no knowledge of the fact that judgment had been rendered against her until she was dispossessed, as against a general demurrer, stated a cause of action entitling her to have the judgment set aside.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. § 285.*]

5. APPEAL AND ERROR (§ 1074*) — MATTERS REVIEWABLE—RULING ON MOTION.

Any error in the action of the trial court in refusing to enter a nunc pro tunc order for the entry of notice of appeal was immaterial and would not be reviewed, where the moving party obtained by writ of error all the relief that an appeal would have afforded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4248–4252; Dec. Dig. § 1074.*]

Error to District Court, McLennan County; Tom L. McCullough, Judge.

Action to foreclose a vendor's lien by R. McDaniel against Sallie Smith. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. E. Yeager, of Waco, for plaintiff in error. Witt & Saunders, of Waco, for defendant in error.

KEY, C. J. R. McDaniel, the defendant in error, sued Sallie Smith, the plaintiff in error, and on September 13, 1912, obtained a judgment foreclosing a vendor's lien on certain real estate which was sold under an order of sale and bought in by McDaniel. On May 14, 1913, Sallie Smith filed a motion seeking to have the judgment and sale set aside. The trial court sustained a general demurrer to her motion, and she attempted to appeal. It seems, however, that the minutes of the court did not show that notice of appeal had been given, and therefore she instituted a proceeding, alleging that notice of appeal was in fact given, but had not been entered of record, and asking to have it entered nunc pro tunc. That motion was overruled, whereupon Sallie Smith, within the time allowed by law, sued out a writ of error from the original judgment; and in prosecuting that writ she has assigned error upon the action of the trial court in sustaining the general demurrer to her pleading, seeking to have the judgment against her set aside and the sale thereunder annulled.

Counsel for defendant in error, on the day the case was submitted, filed several motions, all of which come too late, except the motion to dismiss for the want of jurisdiction.

[1] On that point it is contended that the plaintiff in error should have prosecuted an appeal from the action of the trial court in refusing to correct its minutes, and that, until such appeal was prosecuted and disposed of, this court has no jurisdiction of a writ of error from the original judgment. We

overrule that contention, and hold that the plaintiff in error had the right to abandon her attempted appeal and bring the original judgment to this court by writ of error; no motion to affirm on certificate having been made in the meantime.

[2] It is well settled in this state that a losing litigant may obtain a rehearing after the term, when it is shown by specific allegation and proof that the judgment was obtained by fraud, mistake, or accident; that the complaining litigant has a meritorious cause of action or defense; that he has not been guilty of negligence in failing to present his defense, or in failing to ask for a new trial during the term; that there is reason to believe that a different result will be attained; and that, unless the judgment be set aside, he will sustain substantial and irreparable injury. Gross v. McClaran, 8 Tex. 341; Spencer v. Kinnard, 12 Tex. 180; Cook v. De la Garza, 13 Tex. 431; Goss v. McClaren, 17 Tex. 107, 67 Am. Dec. 646; Caperton v. Wanslow, 18 Tex. 125; Fisk v. Miller, 20 Tex. 572; Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117; Plummer v. Power, 29 Tex. 7; Taylor v. Fore, 42 Tex. 256; Overton v. Blum, 50 Tex. 417; Williams v. Nolan, 58 Tex. 708; Anderson v. Sutherland, 59 Tex. 409; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357.

[3] It is also well settled that, as against a general demurrer, a pleading is to be liberally construed, and all reasonable inferences are to be indulged in its favor.

[4] Applying that rule of pleading, and the principles of law and equity announced in the authorities cited, and without copying or stating all the contents of the pleading in question, we hold that, as against a general demurrer, it stated a cause of action which entitled the plaintiff in error to have the judgment against her set aside. It alleged that she never executed the notes sued on, and that she did not owe the debt upon which the plaintiff sued; that she had been prevented by sickness from appearing at the trial and making her defense; that such disability continued until she was dispossessed under the order of sale issued upon the judgment; and that she had no knowledge of the fact that judgment had been rendered against her until she was so dispossessed. The petition contained other material averments not necessary to be stated, and also contained some averments that were wholly unnecessary, but the latter could not be reached by a general demurrer.

[5] The plaintiff in error is also complaining of the action of the trial court in refusing to enter the nunc pro tunc order that was asked for, but we decline to review that ruling, because it is now wholly immaterial. If the court had entered the order referred to, it would merely have enabled plaintiff in error to prosecute her appeal; but, having brought the case up by writ of error, she can and has obtained all the relief that the appeal would have afforded.

For the error of the trial court in sustaining the general demurrer hereinbefore referred to, the judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.