## STANLEY v. SPANN. (No. 3235.)

Court of Civil Appeals of Texas. Amarillo.
May 8, 1929.

Rehearing Denied June 5, 1929. Application for Writ of Error Dismissed for Want of Jurisdiction Nov. 6, 1929.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

Williams & Day and C. D. Russell, all of Plainview, for appellee.

JACKSON, J. This suit was instituted in the district court of Lamb county, Tex., on June 6, 1927, by the plaintiff, C. R. Spann, against the defendant, L. L. Stanley, to set aside and cancel a judgment theretofore obtained in the same court by the defendant against the plaintiff in cause No. 160, entitled L. L. Stanley v. C. R. Spann et al.

Plaintiff alleges that about November 19, 1925, he and the defendant entered into a written contract by the terms of which the defendant contracted to sell and convey, and the plaintiff agreed to buy, 354.2 acres of land situated in Lamb county, Tex., which is fully described in plaintiff's petition, at the price of $35 per acre.

Plaintiff pleads the terms of the contract, a copy of which is attached to and made a part of his petition. The contract names L. L. Stanley as first party and C. R. Spann as second party, describes the land, and recites that it consists of 354.2 acres, provides that

the deal shall be closed in 15 days and a deed executed and delivered, unless defects in the title are discovered, in which event a reasonable time shall be given for eliminating such defects.

The provisions of the contract necessary to a consideration of this appeal, read:

"For the above described property, party of the second part agrees to pay the following consideration: the sum of $1,771.00 cash in hand paid upon the consummation of this contract; the balance of the consideration to be the assumption of the indebtedness owing to the Temple Trust Co. outstanding against the land, the total consideration being understood to be the sum of $35.00 per acre. In addition to the above consideration stated, party of the second part shall pay the 1925 taxes on the land. * * *

"As evidence of good faith herein, party of the second part places in the First National Bank of Littlefield the sum of $1,000.00 in escrow, with the understanding that if party of the second part shall fail or refuse to comply with the terms of this contract, and fails to accept said deed when tendered, after good title is shown, and refuses to pay said cash consideration, then the said sum of $1,000.00 shall be paid to the party of the first part as full liquidated damages."

Plaintiff alleges: That about the 8th day of January, 1926, L. L. Stanley, as plaintiff, filed his petition in the district court of Lamb county, Tex., cause No. 160, entitled L. L. Stanley v. C. R. Spann et al., making C. R. Spann (the plaintiff in this cause) and the First National Bank of Littlefield, Tex., the defendants. That in said case L. L. Stanley alleged that he and C. R. Spann had entered into the above contract, a copy of which he attached to his petition. That said Stanley had tendered to C. R. Spann a sufficient warranty deed to said land, conforming to the terms of said contract, and had complied with all the provisions and conditions thereof and discharged all the obligations imposed upon him thereby. That the said Spann had refused to accept said deed and had failed and refused to pay the cash consideration stipulated in the contract and wholly breached and refused to perform the conditions thereof. That the said First National Bank was holding said $1,000 deposited according to the provisions of the contract with it as liquidated damages, and that said bank failed and refused to deliver said money to L. L. Stanley, who, by reason of the terms, was entitled thereto.

Plaintiff herein attaches to and makes a part of his petition a copy of the petition of Stanley in cause No. 160.

Plaintiff also alleges: That the November term, 1926, of the district court of Lamb county was the return term in said cause. That he was at all times anxious to try said cause, and employed an attorney, E. A. Bills, who, on November 23, 1926, filed for him an original answer, and on May 13, 1927, filed his amended answer in cause No. 160. That said cause was continued for several times, but not at the instance of the defendant, Spann. That at the term of the district court of Lamb county which convened on May 2, 1927, this plaintiff was present as defendant in cause No. 160, but on said day the case was not set for trial, and he was advised by his attorney and the district judge that he would be notified later of the date said cause was set for trial. That on May 3d, in his absence, the case was set for trial on Friday May 13th, but that he (Spann) was never notified of such setting. That his attorney, E. A. Bills, communicated with him over the telephone on May 12th and advised him that counsel for Stanley would probably want to try the case on the 13th, but that said attorney had two cases set for trial on that day and felt sure that cause No. 160 would not be tried, but, in the event it was reached for trial, he would notify Spann thereof. That the defendant, Spann, was not notified, and hence did not attend court. That on May 13th, when the case was called, the attorney for the plaintiff, Stanley, dismissed his alleged cause as to the defendant bank, and thereafter E. A. Bills, who represented the defendant bank as well as this plaintiff, withdrew from the case and did not represent the defendant, Spann, who had no notice of such withdrawal from the case by his attorney. That L. L. Stanley, in the trial of said cause, as a witness for himself, testified that he had complied with said contract and tendered to Spann a deed conforming to the terms thereof, but Spann had refused to accept said deed and failed to comply with said contract, and judgment was rendered against C. R. Spann, the plaintiff in this cause, on said testimony, for the sum of $1,000, with interest thereon from December 5, 1926. That said May term of court adjourned on May 14th, following the rendition of said judgment and this plaintiff did not learn until after court had adjourned that a judgment had been rendered against him, and could not make a motion for a new trial, and had no opportunity to make his defense. That an appeal under the circumstances was not adequate for relief, as the facts showing his defense to the suit were not before the court.

Plaintiff also alleges: That he did not fail and refuse to comply with said contract, but says that he was at all times ready, willing, and anxious to comply therewith, but that the said Stanley had never at any time tendered to him a deed to the land complying with the terms of the contract and failed and refused to do so. That the allegations in the petition of L. L. Stanley, the plaintiff in cause No. 160, that he had complied with the terms of said contract and tendered to Spann a deed to the land in accordance with the contract, who had refused to accept such deed and wholly breached his contract, and the testimony of

the said Stanley to the same effect, were false and untrue. That Stanley failed and refused to make and deliver to C. R. Spann a deed complying with the terms of said contract and failed and refused to furnish him a deed for the consideration of $35 per acre, as the contract stipulated. That Stanley contended that the consideration for the sale, as evidenced by the contract, was $1,771 in cash and the assumption by this plaintiff of the indebtedness against the land and he and his wife refused to make a deed for the consideration of $35.00 per acre. That on the 5th day of December, 1926, this plaintiff and his attorney, E. A. Bills, went to the home of said Stanley and demanded a deed to the land, which was refused by Stanley and his wife, because they would not accept, as the contract provided, $35 per acre. That as a matter of fact the land was incumbered for more than $33 per acre and on December 7th Stanley and his wife conveyed said land to Noble Halliburton by a deed which shows an outstanding indebtedness of $11,828.02, a copy of which deed is attached to and made a part of plaintiff's petition.

Plaintiff sets up certain grounds for a temporary injunction and prays that upon a final hearing he have judgment setting aside and canceling the judgment against him in cause No. 160 and for such other and further relief to which he may be entitled.

The defendant answered by general demurrer and general denial.

On special issues submitted by the court, the jury found substantially that L. L. Stanley, by fraud, obtained the judgment in cause No. 160 against C. R. Spann, the plaintiff in this cause; that the plaintiff in this case was not negligent in the prosecution of his defense in cause No. 160 on May 13, 1927; that L. L. Stanley did not furnish or offer to furnish to plaintiff a general warranty deed to said land for the consideration and on the terms provided in the contract.

On these findings, judgment was rendered in favor of plaintiff and against the defendant, canceling and annulling the judgment in cause No. 160, from which judgment L. L. Stanley prosecutes this appeal.

The appellant assigns as error the action of the court in overruling his general demurrer to appellee's petition, contending that the allegations therein failed to show such equity as authorizes the impeachment of the judgment which was rendered against him by a court of competent jurisdiction, because it fails to sufficiently allege fraud, fails to allege that the appellant had a good defense to cause No. 160, and that he was prevented from making such defense by fraud of the opposite party, unmixed with negligence on his part.

In construing the sufficiency of the pleading as against a general demurrer, we must indulge every reasonable intendment in favor of the pleading. The appellee could have pleaded more in detail the testimony he claims to have been false and upon which he relies as constituting the fraud which entitled him to assail the judgment; but, in our opinion, the allegations in his petition, together with exhibits attached thereto, are sufficient against a general demurrer. His allegations showing why he was not present at court at the time the case was tried and why his defense was not presented are sufficient, and he alleged a good defense to cause No. 160. McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357; Halliday v. Lambright et al., 29 Tex. Civ. App. 226, 68 S. W. 713; Avocato et al. v. Dell'-Ara et ux. (Tex. Civ. App.) 84 S. W. 443; Davis v. Jones (Tex. Civ. App.) 149 S. W. 727.

"It is well settled in this state that a losing litigant may obtain a rehearing after the term, when it is shown by specific allegation and proof that the judgment was obtained by fraud, mistake, or accident; that the complaining litigant has a meritorious cause of action or defense; that he has not been guilty of negligence in failing to present his defense, or in failing to ask for a new trial during the term; that there is reason to believe that a different result will be attained; and that, unless the judgment be set aside, he will sustain substantial and irreparable injury. Gross v. McClaran, 8 Tex. 341; Spencer v. Kinnard, 12 Tex. 180; Cook v. De la Garza, 13 Tex. 431; Goss v. McClaren, 17 Tex. 107, 67 Am. Dec. 646; Caperton v. Wanslow, 18 Tex. 125; Fisk v. Miller, 20 Tex. 572; Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117; Plummer v. Power, 29 Tex. 7; Taylor v. Fore, 42 Tex. 256; Overton v. Blum, 50 Tex. 417; Williams v. Nolan, 58 Tex. 708; Anderson v. Sutherland, 59 Tex. 409; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357.

"It is also well settled that, as against a general demurrer, a pleading is to be liberally construed, and all reasonable inferences are to be indulged in its favor." Smith v. McDaniel (Tex. Civ. App.) 170 S. W. 1070, 1071.

See, also, Eddingston v. Acom (Tex. Civ. App.) 287 S. W. 96; Bonner v. Pearson (Tex. Civ. App.) 7 S.W.(2d) 930.

Appellant urges as error the action of the trial court in refusing to give his peremptory instruction, because the record shows: First, that the answer of appellee in cause No. 160 did not allege, as a defense, the failure of the deed tendered to be in compliance with the contract; second, that the issue of the failure of the plaintiff in cause No. 160 to comply with his contract was adjudicated in the judgment in said case; third, that the testimony on the trial of said cause shows that appellee's failure to attend court was not due to the fraud of appellant, but due wholly to appellee's negligence; fourth, that the evidence discloses that the judgment obtained in said cause was not rendered on false testimony.

The appellant is inconsistent in contending that the issue of his having failed to comply

with his contract and deliver a deed in compliance therewith was not presented in cause No. 160 and also contending in this case that such issue was adjudicated in said cause.

■ The record reveals that in his original and in his amended answer the appellee in this cause pleaded a general denial to the cause of action alleged by the plaintiff in cause No. 160, and the general denial was sufficient to put in issue whether or not the deed tendered was in compliance with the contract made between appellant and appellee. The appellee in this case does not contend that such issue was not determined in the trial of cause No. 160, but his contention is that it was determined against him on false testimony of the appellant.

The record discloses: That the appellee employed E. A. Bills as his attorney, who represented him in drawing the contract, who filed his original answer and his amended answer on May 13, 1927, in cause No. 160, the day said cause was tried. That said case was continued at several former terms of court, at whose instance the record does not show, but that, on the first day of the May term of court, 1927, appellee was present, that the case was not set for trial. The record tends to show: That he was advised that day that he would be later informed the day and date on which the case was set for trial. That on the second day of the May term, 1927, the case was set for trial on May 13th of said term of court. That on May 12th, appellee's attorney communicated with him over the telephone and informed him that plaintiff's attorney in cause No. 160 would probably desire a trial of said cause, but that E. A. Bills had two other cases set for trial and he did not think appellee's case would be reached, but that, if it was, he would notify the appellee on the morning of the 13th, in time for him to reach court. That on the 13th the case was called for trial. The plaintiff's attorney in said case dismissed as to the First National Bank of Littlefield, codefendant with appellee in said cause, and which was also represented by appellee's attorney, E. A. Bills. That thereafter his said attorney withdrew from the case, without notifying appellee of said withdrawal. That the case proceeded to trial, and judgment was rendered against appellee for $1,000 interest and costs, etc. That court adjourned on the next day, and appellee in this case did not learn until after court had adjourned and the term of said court had expired by limitation, that a judgment had been rendered against him in said cause. That on the trial of this case, appellant testified as follows: "I testified as a witness in the case at the time I got a judgment against C. R. Spann. I testified that I had fully complied with my obligations under the contract and had tendered to Mr. Spann a deed in compliance with the contract."

■ The contract of purchase stipulated that the consideration to be paid for the land was $1,771 cash and "the assumption of the indebtedness owing to the Temple Trust Co. outstanding against the land, the total consideration being understood to be the sum of $35.00 per acre." The deed of conveyance tendered by appellant to appellee, which was never executed, recited a total consideration of $14,403.69, $1,771.00 of which was cash and the balance was represented by the indebtedness to the Temple Trust Company to be assumed by the appellee evidenced by vendor's lien notes. The land described consisted of 354.2 acres, and at $35 per acre the total consideration would have been $12,397. Hence the deed tendered required the appellee to pay a consideration for the land of $2,006.69 in excess of the consideration stipulated in the contract. Therefore appellant's testimony that he had complied with the terms of the contract and tendered appellee a deed in compliance with said contract was not true.

The word "understood" in the language of the contract, "the total consideration being understood to be the sum of $35.00 per acre," is, in this case, we think, synonymous with the word "agreed." Barkhausen v. Chicago, M. & St. P. Ry. Co. et al., 142 Wis. 292, 124 N. W. 649; Phoenix Iron & Steel Co. v. Wilkoff Co. (C. C. A.) 253 F. 165, 1 A. L. R. 1497. This construction of the meaning of the contract and the intention of the parties is emphasized by the paragraph of the contract on which appellant recovered in cause No. 160. Said paragraph provides, in substance, that the appellee, as evidence of good faith, places $1,000 in escrow with the First National Bank of Littlefield "with the understanding" that, if appellee fails to comply with the contract and accept the deed when tendered, the $1,000.00 shall be paid to appellant as liquidated damages. The appellant manifestly construed the words "with the understanding" in said paragraph of the contract to mean "with the agreement"; otherwise he could not have recovered in cause No. 160 under the allegations in his petition, the $1,000 judgment with interest, etc.

■ In our opinion, the appellee was not guilty of such negligence in failing to be at court on May 13th, the day of the trial, as would defeat his right to bring a direct proceeding to set the judgment aside. His attorney was representing him on the 12th, was still representing him on the morning of the 13th, because that was the day on which he filed for him the amended answer. The testimony tends to show that appellee was not notified that the case would be tried on the 13th, and it is uncontroverted that he received no notice of his attorney's withdrawal from the case.

"When an attorney accepts a retainer to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his rela-

tion without justifiable cause, or the consent of his client. * * * He may not abandon a cause at a critical stage, leaving his client helpless in the emergency. * * *

"An attorney may, for lawful cause, and on reasonable notice, withdraw from a suit at any stage in the proceeding." 6 C. J. 673, § 186.

There is not a suggestion in the record that appellee's attorney withdrew from the case for lawful cause. He was a paid attorney, he had drawn the contract, was familiar with its provisions, he was present when the deed was tendered, and heard the controversy between appellant and appellee relative to the consideration that was to be paid, and knew that the deal was not consummated because the appellee refused to accept a deed requiring him to pay an additional consideration of $2,-006.69, in excess of the consideration stipulated in the contract. Under the facts revealed by this record, we think the appellee had a right to rely on his attorney to represent him, and is not chargeable with negligence for not being present and presenting his defense.

The appellant presents as error the action of the trial court in refusing, after the introduction of evidence had closed but before the court had charged the jury, to reopen the case and allow appellant to offer as a witness the trial judge, who would have testified, in effect, that he had not at any time told appellee that he would notify him when cause No. 160 was set for trial.

The appellee alleged that the district court convened on May 2d; that he was present; that the case was not set for trial that day, and he was advised by his attorney and the district judge that he would be notified later of the date said cause was set for trial. His testimony was substantially to the same effect. The record discloses that, after the introduction of evidence had closed, the judge made the statement, which appellant sought to place before the jury as testimony; that the court refused to reopen the case and allow appellant to introduce such testimony. It was a controverted issue whether or not the appellee had been notified that his case was set for May 13th, the day on which it was tried. The reopening of the case and the introduction of this testimony would have caused no delay, and, in our opinion, the testimony should have gone before the jury.

Article 2181, R. C. S., provides: "At any time before the conclusion of the argument the court may permit additional evidence to be offered to supply an omission where it clearly appears to be necessary to the due administration of justice."

While it is discretionary with the trial judge to reopen a case and admit testimony, under the facts in this case, it is our opinion that the court should have exercised his dis-

cretion in favor of permitting the testimony to go before the jury. Puckett & Wear v. City of Ft. Worth (Tex. Civ. App.) 180 S. W. 1115; Mass. Bonding & Ins. Co. v. Florence (Tex. Civ. App.) 216 S. W. 471; Henderson v. Nelson (Tex. Civ. App.) 284 S. W. 318; Texas Co. v. Ramsower et al. (Tex. Com. App.) 7 S.W. (2d) 872.

Appellant presents as error the action of the trial court in failing, at his request, to define fraud; no definition thereof having been given either in the main charge or in connection with special issue No. 1. The court, in substance, asked the jury whether or not the plaintiff, L. L. Stanley, by fraud obtained the judgment against C. R. Spann in cause No. 160. Both appellant and appellee objected and excepted to the court's charge and special issue No. 1, because fraud was not defined, which objections and exceptions were overruled. The fraud relied on by appellee to set aside the judgment in cause No. 160 was the alleged false testimony given by appellant in said cause.

The courts hold: "That the willful giving of false testimony by a party to an action in relation to a matter affecting an issue to be tried is fraud of the most pernicious character can not be questioned, and for such conduct it has been held that the injured party was entitled to have the cause re-examined." McMurray v. McMurray, supra.

It will be noted that, to authorize the re-examination of a cause, the false testimony must be willful, and, in our opinion, the failure to give a proper definition of the fraud as relied upon by the appellee in this case was error.

The judgment is reversed, and the cause is remanded.